421 So.2d 302 (1982)
Opal Jane DAIGLE In her Capacity as the Tutrix of the Minor Child, Brandon Lee Daigle.
v.
The TRAVELERS INSURANCE COMPANY and Bay Drilling Corporation.
No. 15030.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
*303 T. Michael Masterson, Thibodaux, for plaintiffs-appellants Opal Jane Daigle, etc.
Robert L. Morris, Houma, for defendant-appellee Travelers Ins. Co.
John D. Fitzmorris, Jr., New Orleans, for defendant-appellee Bay Drilling Corp.
Before ELLIS, PONDER and SAVOIE, JJ.
ELLIS, Judge.
This is a suit by Opal Jane Daigle, as tutrix of her minor child, Brandon Lee Daigle, for benefits allegedly due Brandon under a group insurance policy written by The Travelers Insurance Company and covering employees of Bay Drilling Corporation against accidental death. Ricky J. Breaux, Brandon's natural father, when in the employ of Bay, had designated Brandon as his beneficiary under the said policy. The record reveals that Breaux left his employment with Bay on April 23, 1979, received his last pay check on April 30, 1979, and was shot and killed on May 13, 1979.
Travelers denied liability under the accidental death policy on the ground that coverage had lapsed prior to Mr. Breaux's death. This suit followed, naming Travelers and Bay as defendants. After trial on the merits, judgment was rendered dismissing plaintiff's case, and she has appealed.
The documents stipulated into the record reveal that Texaco, Inc., of which Bay Drilling is a subsidiary, offered various employee benefits, including a Medical Plan, an *304 Accident and Sick Benefit Plan, a Permanent Total Disability Plan, a Group Life Insurance Plan, and an Accidental Death and Dismemberment Insurance Plan. Ricky J. Breaux was covered by the Medical Plan, the Group Life Plan, and the Accidental Death Plan. Separate premiums for each plan were deducted from his pay check each month.
His coverage under the Group Life plan totalled $48,000.00. The Group Life policy provided that "The insurance of any Employee covered hereunder shall terminate Thirty-one days after his employment with the Employer ... shall terminate...." Since Mr. Breaux died less than 31 days after he left the employment of Bay, full payment under the Group Life Plan was made to Brandon.
The Accidental Death and Dismemberment (A.D. & D.) policy, No. GA884001, covered employees who were eligible for coverage under various group life policies written for Texaco employees, including No. G-228700, under which Mr. Breaux was covered. Mr. Breaux elected to have $190,000.00 coverage under the A.D. & D. policy. Policy No. GA884001 provides that its coverage shall terminate automatically "On the last day of the calendar month during which such Employe's employment with the Employer in the classes of Employes eligible for insurance under this policy shall terminate." If this clause is applicable, it is clear that Mr. Breaux's coverage for accidental death terminated on April 30, 1979.
However, plaintiff argues that the Accidental Death and Dismemberment Policy should be classified as life insurance rather than health and accident insurance, and terminable only in accordance with the terms of R.S. 22:176, which provides for conversion of a group policy to an individual policy within 31 days of the termination of employment, and for payment of the benefit under the group policy if the insured should die during the conversion period.
Plaintiff argues that, since under R.S. 22:6(1) life insurance policies may include "additional benefits in the event of death by accident;" and since the A.D. & D. policy herein was available only to those eligible for coverage under certain group life policies; and since the certificate of insurance furnished to Mr. Breaux states that it furnished "additional financial protection," the A.D. & D. policy is actually an adjunct to the group life policy, a part thereof, and governed by the laws pertaining to life insurance.
Defendants argue that the A.D. & D. policy is entirely separate and distinct from the life insurance policy, and is governed by the laws pertaining to health and accident insurance, which permit termination of the policy in accordance with its terms.
In ruling on the point, the trial judge found that the two group policies were separate and distinct, and had different purposes; that the designation of beneficiary forms were different for each policy; and that the payroll deductions for each policy were at different rates and were individually deducted from Mr. Breaux's wages. We further note that it would be possible to have the A.D. & D. coverage, so long as the policy holder was eligible for life insurance, even though he elected not to take the group life policy.
We agree with the trial judge that the two policies are separate and distinct, and that the A.D. & D. policy terminated, according to its provisions, on April 30, 1979, prior to Breaux's death.
Plaintiff's other contention is based on language in the A.D. & D. policy, which requires that the insurer issue to the employee a certificate of insurance, which informs the employee, inter alia., of the rights to which he is entitled upon termination of the policy. It is argued that there is no evidence in the record that such a certificate was delivered to Ricky J. Breaux, and that the termination provision of the policy is therefore not applicable to Mr. Breaux.
R.S. 22:215(A)(3)(g) requires that the insurer issue to the policyholder for delivery to each employee a certificate of insurance disclosing the "benefits, limitations, exclusions and reductions" contained in the policy. The policy itself requires that *305 such a certificate be issued. The record is silent as to whether such a certificate was, in fact, delivered to Mr. Breaux. The documents in the case, which were stipulated into evidence by the parties hereto, include such a certificate. However, plaintiff claims that, in the absence of proof of delivery, she can not be bound by the termination provisions thereof.
We hold, however, that the burden of proving non-delivery of the certificate rests with plaintiff. Plaintiff is required to establish, by a preponderance of the evidence, every fact necessary to establish coverage under the policy. Ceasar v. Great Falls Ins. Co., 371 So.2d 1286 (La.App. 3rd Cir.1979). Since she has failed to establish the fact of non-delivery, her argument as to the effect thereof, if valid, must fail.
The judgment appealed from is therefore affirmed, at plaintiff's cost.
AFFIRMED.