CIACCIO, Judge.
Defendant Martin Marietta Corporation filed this application for supervisory writs seeking relief from a judgment which denied its motion for summary judgment.
We granted certiorari in order to consider whether there exists a material issue of fact as to whether L.D. Cain was the statutory employee of Martin Marietta at the time of his injury so as to preclude this tort action. La.R.S. 23:1032 and 1061.
The record reveals the following:
L.D. Cain, an employee of Combustion Engineering, Inc., suffered a heart attack and lapsed into a coma, after completing certain work duties for this employer. At the time of this incident there were two contracts in existence which bear upon the relationship of the parties. That is, NASA contracted with Martin Marietta to “acquire, fabricate, and install all items of plant equipment ... which are required to support the production of external tanks through October 8, 1987.” (Contract, Article II(1)(A)). Martin Marietta in turn contracted with Combustion Engineering: “Contractor (Combustion) shall, as an independent contractor and not as an agent of Martin Marietta, furnish all labor, equipment, tools, supervision, transportation and materials necessary to accomplish the fabrication, construction, installation and functional check out of the project known as ‘Redisigners of Cells “K” and “L.” ’ ”
Mrs. Gladys Cain, individually and as her husband’s curatrix, filed this, action in tort seeking damages for his injuries. Defendants filed an exception of no right of action and an answer to the suit. Thereafter, Martin Marietta filed a motion for summary judgment contending that plaintiff was its statutory employee and his sole remedy against them was for worker compensation benefits. In support of the motion, Martin Marietta filed affidavits of Arnold A. Gus-tafson, its Manager of the Project Management, and of Thomas G. Fierke, its Chief Counsel, to the effect that Martin Marietta had executed a contract with NASA and thereafter subcontracted part of the work to plaintiff’s employer, Combustion Engineering, Inc. It was Martin Marietta’s po *295 sition that it could have performed the work required under the subcontract but chose not to do so in order that it could meet the scheduled deadlines. In opposition to the motion for summary judgment, plaintiff offered the affidavit of the Senior Safety Engineer for Martin Marietta. He stated that the scope of the work performed by Combustion Engineering, Inc. was of such a specialized nature and of such heavy construction so as not to qualify as work customarily performed by Martin Marietta.
The Louisiana Worker’s Compensation Act provides that workers compensation benefits are the exclusive remedy as between an employee and his employer for work related injuries or illness. La.R.S. 23:1032.
The Act further provides that the liability of statutory employers shall likewise be limited as follows:
§ 1061. Principal contractors; liability Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to earnings of the employee under the employer by whom he is immediately employed. (Emphasis Supplied)
[[Image here]]
In the recent decision of Williams v. Metal Building Products Co., Inc., 522 So.2d 181 (La.App., 5th Cir., 1988), the Court, in ' a factually similar situation, found as follows:
The evidence confirmed that McMoRan and Building Products entered into a contract for the construction of an off-shore facility, to be built in Building Products’ yard. Building Products in turn contracted with Toups “for the execution” of “part of the work.” This scenario presents the classic “two-contract” defense which has been approved by this circuit and others.
[[Image here]]
The Court in Williams, supra relying upon a prior decision in Thornton v. Avondale Shipyard, Inc., 479 So.2d 7 (La.App., 5 Cir.1985), stated:
If the affidavits submitted are sufficient to show that Avondale had contracted to build a ship for a third party then it need not prove the “part of trade” requirement to be immune. Further, as with other construction projects, a subcontractor’s work is automatically conceded to be part of the general contractor’s trade if he is in the business of building.
The court also found Berry v. Holston Well Service, Inc., 488 So.2d 934 (La., 1986) factually distinguishable from this case as it did not involve a “dual contract” situation.
In this case the affidavits in support of the plaintiff’s motion for summary judgment set forth the existence of a “dual contract.” There is no evidence in the record to refute the fact that Martin Marietta contracted with Combustion Engineering, Inc. to implement Martin Marietta’s obligations under its contract with NASA. These facts establish an independent basis for the exclusive remedy of worker’s compensation benefits under Louisiana Revised Statute Title 23 Section 1061 and on this basis Martin Marietta’s customary performance of the contract work is not a material issue of fact so as to deny the mover summary judgment.
Under the facts presented, Martin Marietta was entitled to judgment as a matter *296 of law and the trial court erred in denying its motion for summary judgment.
The judgment of the trial court denying Martin Marietta’s Motion for Summary Judgment is reversed. Summary judgment is entered in favor of Martin Marietta and against Gladys Seal Cain, individually and as curatrix for her interdicted husband, L.D. Cain. Each party shall bear its own costs.
JUDGMENT REVERSED; SUMMARY JUDGMENT RENDERED