PLOTKIN, Judge.
Defendant/cross-plaintiff, Geo Drilling Fluids, Inc., seeks review of the trial court’s granting of a motion for summary judgment dismissing the claims of plaintiff, Curtis Doiron, against defendant, Industrial Buildings. The judgment also dismissed the claims of third party plaintiff, Geo Drilling Fluids, Inc., for indemnification against the third-party defendant, Industrial Buildings. Geo Drilling has appealed on two assignments of error:
(1) That the trial court erred in signing a judgment dismissing Geo Drilling’s cross-claim against Industrial Buildings for contractual indemnity; and,
(2) That the trial court erred in granting summary judgment despite the existence of disputed areas of material fact.
We affirm in part, reverse in part and remand to the trial court for further proceedings.
FACTS
Plaintiff, Doiron, was injured on November 30, 1981, when he was electrocuted while removing a burned-up engine from the job site while in the course of his employment with subcontractor A-l .Steel Company. Plaintiff sued both appellant and appellee in tort for the injuries suffered.
At the time of plaintiff’s injury, Industrial Buildings had a written contract with Geo Drilling Fluids, Inc. to perform work, consisting of the construction of three steel fabricated buildings on cement foundations. By oral contract with Bobby Math-erne, doing business as A-l Steel Company, Industrial Buildings subcontracted the framing and walls of the buildings.
Industrial Buildings filed a motion for summary judgment contending that it was the statutory employer of plaintiff. If Industrial Buildings was in this position at the time of the accident, it would be immune from suit in tort and plaintiff’s exclusive remedy would be under the worker’s compensation statute. In support of its motion for summary judgment, Industrial Buildings offered the written contract with Geo Drilling Fluids, Inc. and affidavits and depositions attesting to the existence of an oral contract.
Although the motion for summary judgment was directed only against the original plaintiff’s [Doiron’s] claims, the judgment granting the motion was much broader. The trial court signed a judgment which also dismissed Geo Drilling’s cross-claim for contractual indemnity against Industrial Buildings.
DISMISSAL OF CONTRACTUAL INDEMNITY CLAIMS
The appellant argues that its cross-claim for contractual indemnity was improperly dismissed as no motion for summary judgment was ever filed against Geo Drilling and the record is devoid of any support for such a motion. Appellee does not oppose the reversal of this part of the judgment, acknowledging procedural deficiencies which violated La.C.C.P. art. 966. Accordingly, we reverse that portion of the judgment which dismissed the cross-claim of Geo Drilling Fluids, Inc. against Industrial Buildings.
SUMMARY JUDGMENT
Appellant argues that summary judgment was incorrectly granted in that there remain disputed issues of fact. La.C.C.P. art. 966 provides in part that a district court shall grant summary judgment only if “the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that *204 there is no genuine issue as to material fact and that mover is entitled to summary judgment as a matter of law.” Geo Drilling asserts that Industrial Building failed to prove that Doiron’s work was part of Industrial’s trade, business or occupation. Appellant contends that this disputed issue is material and thus the granting of summary judgment was improper.
The appellant argues that only if Industrial Buildings can prove that the work done by Doiron at the time of the accident was a part of its trade, business, or occupation, would it be relieved of liability in tort with the plaintiff’s exclusive remedy being worker’s compensation. LSA-R.S. 23:1032 extends the exclusivity of remedies to principals, which the statute defines as “any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.”
Whether Industrial Buildings proved that Doiron’s work at the time of the injury was a part of Industrial’s “trade, business or occupation” is a misstatement of the issue before the court in this case. Recent jurisprudence has clearly established that the statutes are to be given a disjunctive reading whereby “a general contractor is exempt from tort liability to a subcontractor’s employee if the general contractor subcontracts for the performance of all or part of the general contract”. Rogers v. Gervais Favrot Co., Inc., 537 So.2d 381 (La.App. 4th Cir.1988). In Williams v. Metal Bldg. Products Co., Inc., 522 So.2d 181 (La.App. 5th Cir.), writ denied, 530 So.2d 82 (La.1988), the general contractor which contracted with another company for part of the work was found to be the statutory employer of the subcontractor’s employee. The court stated that “this scenario presents the classic ‘two-contract’ defense which has been approved by this circuit and others.” Id. (Citations omitted.) The court agreed with the discussion of the “two contract” defense, as explained in Berry v. Holston Well Service, Inc., 488 So.2d 934 (La.1986), that the contract work of the “sub” is automatically within the “trade, business or occupation of the ‘general.’ ” Williams, citing Berry, at 936, n. 3. The “two-contract” theory has been found to establish an “independent basis for the exclusive remedy” of compensation benefits. Cain v. Martin Marietta Corp., 537 So.2d 294 (La.App. 4th Cir.1988).
In the case at bar, Industrial Buildings as a general contractor subcontracted with Doiron’s employer for a part of the work. Under a “two-contract” statutory employer defense, Industrial Buildings is exempt from Doiron’s tort liability claims. Therefore, the summary judgment was properly granted as to Industrial Buildings and against Doiron.
CONCLUSION
For the above and foregoing reasons, we affirm the granting of summary judgment in favor of Industrial Buildings and against Curtis Doiron. We reverse the dismissal of claims for indemnification by Geo Drilling Fluids, Inc., and remand the case to the trial court to correct that part of the judgment.
AFFIRMED IN PART, REVERSED IN PART, REMANDED.