578 So.2d 239 (1991)
Levis B. MECHE, Plaintiff-Appellee,
v.
WASHINGTON LIFE INSURANCE COMPANY OF AMERICA, INC., Defendant-Appellant.
No. 89-1125.
Court of Appeal of Louisiana, Third Circuit.
April 17, 1991.
Rehearing Denied May 14, 1991.
*240 Hebert Boagni, David Carriere, Opelousas, for plaintiff-appellee.
Katherine Vincent, Abbeville, for defendant-appellant.
Before DOMENGEAUX, C.J., and DOUCET and LABORDE, JJ.
DOUCET, Judge.
Levis B. Meche sued American Motor Club of Louisiana, Inc., and Washington Life Insurance Company of America, under a travel and accident group insurance policy for medical expenses resulting from a June 28, 1985, farm tractor accident. After a trial, judgment was rendered for the plaintiff and against both defendants for $2,585. This sum represented five doctor's visits at $10 each visit, plus hospitalization benefits for 39 days (the policy maximum) at $65/day for hospitalization at a Veterans' Administration facility. This award was doubled on a finding that statutory penalties were due, and an additional award was made for plaintiff's attorney's fees in the amount of $5,000.
The reasons for American Motor Club's original denial of the claim, and the primary contentions on this appeal, are two exclusions in the master policy. One exclusion, applicable to hospitalization benefits, required that covered hospitalization commence within 48 hours from the date of the accident. In this case, hospitalization commenced on December 3, 1985, some five months after the accident. The other exclusion, applicable to coverage for physicians, required that the patient see a doctor within five days from the accident. In this case the first consultation with a physician was nearly two months after the accident.
The trial judge recognized that if the exclusions were applicable, the plaintiff had no claim. However, the trial judge found that the exclusions were not applicable. In written reasons for judgment the trial judge explained that the plaintiff had never received from the motor club a certificate of insurance, as required by La.R.S. 22:215 A(3)(g), disclosing the benefits, limitations, exclusions, and reductions contained in the policy. Whether or not the trial judge was correct in this finding is the substance of this appeal.
The trial was brief and the testimony was simple. Mr. Meche testified that he paid his dues every year for the nine years he belonged to the motor club between 1977 and 1986. At first he denied ever receiving a certificate of insurance or a bond card or anything else from American Motor Club. On cross-examination he admitted that he had received one bond card but he lost it. He thought that the membership fee started at $35/year and increased to $40/year at some point.
Bernadine Meche, his wife, testified that they never got anything in the mail from American Motor Club that she remembered. Both she and her husband testified that their mailing address never changed since 1977.
The testimony for the defendants was given by Murray Conque, vice-president of American Motor Club for the past 15 years, who was in charge of the Opelousas office, and Charlotte Dalfrey, who was the secretary in the Opelousas office from 1977 until 1985. Mr. Conque explained the procedure for new memberships. He said that after *241 the application is processed and accepted, new members are sent a certificate of insurance, a membership, or bond card, and a letter welcoming them into the club, and explaining to them their membership card and the certificate of insurance that is enclosed. All of these items are sent in one envelope. The certificate of insurance describes the benefits and exclusions contained in the master policy. This package is sent by first class mail, and it is the practice of the company to send this package to every new member.
He testified that when Mr. Meche joined the club in 1977 the annual fee was $30/month. The insurance contract in effect at the time Mr. Meche filed this claim was different from the coverage when he first joined the club. In 1980 the benefits went up from $50/day to $65/day for members who selected the higher benefits, for an increase in premium of $5/year. Mr. Conque testified that Mr. Meche chose the higher plan when it was offered to him in 1980, and that a new certificate of insurance was mailed to him evidencing the increase in benefits, in accordance with standard practice. Mr. Conque testified that during the nine years that Mr. Meche was a member, he received two certificates of insurance, one in 1977 and one in 1980, and nine membership cards, along with appropriate letters, annual invoices, and annual receipts. Mr. Conque testified that in 1981 the annual membership fee went from $35 to $40 for those selecting a towing benefit that the club offered that year. This was an additional service but not an insurance benefit, and for that reason it did not affect his certificate of insurance.
Charlotte Dalfrey, the secretary who had been working for the club throughout all relevant times, testified that it was her job to actually stuff the envelopes for new members. She was also responsible for sending renewal notices, along with followup letters of appreciation for renewals and new annual membership cards for old members. She described the mailing procedure employed, and how she stuffed the three items in the envelope for new members. She explained the "feel" for the size of the full envelope, and her practiced caution concerning proper postage, and how this procedure had never changed from May or June of 1977, when she went to work there, until March of 1985, when she left that employment.
The trial judge in his written reasons for judgment indicated that he believed the testimony of the plaintiff, and the corroborating testimony of his wife, and that he concluded as a fact that they never received a certificate of insurance. His award was based on a finding that the plaintiff had not received a certificate.
In reaching this decision the trial court placed the burden of proof on American Motor Club and found that the club had failed in its burden of proving delivery of the certificate to Mr. Meche. The trial judge recognized that this circuit, in Vidrine v. Travelers Insurance Co., 488 So.2d 305 (La.App. 3rd Cir.1986), and the First Circuit in Daigle v. Travelers Insurance Co., 421 So.2d 302 (La.App. 1st Cir.1982), held that a member who claims that he has not received delivery of a certificate of insurance has the burden of proving nondelivery and is required to establish by a preponderance of the evidence every fact necessary to establish coverage under the policy. Nevertheless, the trial court applied a different burden of proof, stating its belief that this court in Vidrine was misled by the First Circuit in Daigle. The trial judge urges us to re-examine the burden of proof rule announced in Vidrine. We have done so and find no reason to depart from the holding of that case.
Applying the correct burden of proof rule, we find from the record before us that Mr. Meche failed to prove non-delivery, and he failed to establish by a preponderance of the evidence every fact necessary to establish coverage under the policy. The only evidence of non-delivery of the certificate of insurance is his and his wife's testimony. Although he stated that he paid the annual membership dues by check every year for nine years, he astoundingly denied ever receiving anything from the clubnever a statement, never a receipt, never a certificate, never a letter, and not *242 more than one membership card. On the other side of the case, there was substantial evidence put on by the defendants that delivery of two certificates notifying plaintiff of these exclusions was effected. We find that the plaintiff failed to carry his burden of proof.
For the foregoing reasons, the judgment of the trial court is reversed, and judgment is rendered against the plaintiff, and in favor of the defendants, dismissing his suit with prejudice. Plaintiff will pay all costs here and below.
REVERSED.