623 So.2d 674 (1993)
Charles O. TAYLOR and Mary Elaine Taylor
v.
BROADMOOR CORPORATION, Boh Bros. Construction Company, Inc., Lacayo Thomas Holiday Construction Co., Inc., Perez Architects, APC, Billes/Manning Architects, a Professional Corporation, et al.
No. 92-CA-1998.
Court of Appeal of Louisiana, Fourth Circuit.
August 19, 1993.
*675 Michael E. Mathieu, Herbert W. Barnes, Samanie, Barnes & Allen, Houma, for plaintiff.
Ronald A. Johnson, James E. Swinnen, Johnson, Johnson, Barrios & Yacoubian, New Orleans, for defendant.
Stephen M. DuValle, Metairie, for defendant.
Before ARMSTRONG, PLOTKIN and JONES, JJ.
ARMSTRONG, Judge.
Plaintiff Charles Taylor appeals from the dismissal of his personal injury suit against defendant Broadmoor Corporation. Broadmoor moved for summary judgment on the grounds that Taylor was a "statutory employee" of Broadmoor. Taylor was hurt on the job, and therefore, Broadmoor was immune from that liability to Taylor pursuant to the worker's compensation statute. The trial court granted Broadmoor's motion for summary judgment and we affirm.
Taylor alleged that he was hurt on April 25, 1990 while working at a construction job site at the New Orleans Convention Center. Broadmoor had contracted with the owner of the property involved to do construction. Broadmoor, in turn, subcontracted part of the construction work to B & G Crane Service, Inc. which also does business under the name "Sun Erection Company." Taylor was an employee of B & G Crane/Sun Erection and was hurt at the New Orleans Convention Center job site while doing work pursuant to B & G Crane/Sun Erection's subcontract with Broadmoor. Taylor alleges that negligence of Broadmoor, or for which Broadmoor is responsible, caused his injury.
The pertinent provisions of the worker's compensation statue provide that:

When any person, in this Section referred to as the "principal", undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. The fact that work is specialized or nonspecialized, is extraordinary construction or simple maintenance, is work that is usually done by contract or by the principal's direct employee, or is routine or unpredictable, shall not prevent the work undertaken by the principal from being considered part of the principal's trade, business, or occupation, regardless of *676 whether the principal has the equipment or manpower capable of performing the work.
LSA-R.S. 23:1061(A) (emphasis added).
(1)(a) The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependent, or relations, against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
(2) For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.

LSA-R.S. 23:1032(A) (emphasis added).
The above-quoted statutory provisions, particularly the emphasized portions, create the "two contract" statutory employer defense. "[A] general contractor is exempt from tort liability to a subcontractor's employee if the general contractor subcontracts for the performance of all or part of the general contract. This is referred to as the "two-contract" statutory employer defense in tort actions." Rogers v. Gervais Favrot Co., 537 So.2d 381, 382 (La.App. 4th Cir.1988). Accord Doiron v. Geo Drilling Fluids, Inc., 541 So.2d 202, 204 (La.App. 4th Cir.1989); Crochet v. Westminster City Center Properties, 572 So.2d 720, 722 (La.App. 4th Cir.1990); Bourgeois v. Puerto Rican Marine Management, Inc., 589 So.2d 1226, 1230-31 (La.App. 4th Cir.1991), writ denied, 592 So.2d 1299, 1300 (La.1992). See also Berry v. Holston Well Service, 488 So.2d 934, 936 n. 3 (La.1986) (dicta discussing "two-contract" statutory employer defense).
In the present case, Taylor was, at the time of his injury, working for B & G Crane/ Sun Erection which was a subcontractor to Broadmoor with regard to the construction project on which Taylor was injured. Thus, the "two-contract" statutory employer defense is squarely applicable. Broadmoor was Taylor's statutory employer and thus has immunity with regard to Taylor's tort claim.
Taylor argues that the subcontract that preceded his injury was between Broadmoor and Sun Erection whereas Taylor was an employee of B & G Crane. However, the affidavits submitted by Broadmoor establish that B & G Crane and Sun Erection, while once separate corporations, were merged into a single corporation in 1971 which has since done business using both names. These affidavits are unrebutted by any other affidavits or by any discovery materials, so there is no issue of fact in this regard. La. C.C.P. art. 967. See Rogers, 537 So.2d at 381 (reference to "B & G Crane Service, Inc. d/b/a Sun Erection Company").
Taylor points out that the contract between Broadmoor and the owner, the "general" or "prime" or "original" contract, was not submitted to the trial court in connection with the motion for summary judgment and then argues that there is an issue of fact as to whether that Broadmoor contract with the owner predated the Broadmoor subcontract with B & G/Sun Erection. This is significant in that there is some authority for a "temporal requirement" in the "two-contract" statutory employer defense. "The caselaw on the two-contract defense has established a requirement that the general contractor/principal must prove that he entered a general contract to do certain work prior to entering his contract with the plaintiff's employer to perform a part of that work." Crochet, 572 So.2d at 723 (emphasis added). However, the affidavits submitted in support of Broadmoor's motion for summary judgment establish that Broadmoor's contract with the owner was entered into on December 22, 1988 and Broadmoor's subcontract with B & G Crane/Sun Erection was entered into July *677 31, 1989. Also, the subcontract itself recites the existence of the contract with the owner. Taylor submitted no contradictory affidavits or discovery materials so there is no issue of fact in this regard either. La.C.C.P. art. 967.
Lastly, Taylor argues that it is a requirement of the two-contract statutory employer defense that "the work being performed by the plaintiff at the time of the accident must be mentioned in the original contract between the general contractor and the owner and in the contract between the general contractor and subcontractor." We believe that the correct inquiry is not a formalistic one of whether the work is "mentioned" in both contracts but, instead, simply whether the work being done by the plaintiff at the time of the injury was part of the work to be done pursuant to the subcontract and whether the work to be done pursuant to the subcontract was, in turn, part of the work to be done pursuant to the contract with the owner. In any event, as it so happens, the subcontract in the present case specifies the work to be done pursuant to the subcontract in terms of the "project specifications" of the contract with the owner so there is no doubt that the subcontract is for part of the work to be done pursuant to the contract with the owner. (Indeed, if the second contract were not for any of the work covered by the original contract, the second contract could hardly be described as a "subcontract.") Also, the affidavits and the excerpt of Taylor's deposition submitted in support of Broadmoor's motion for summary judgment show that Taylor was working pursuant to the B & G Crane/Sun Erection subcontract with Broadmoor at the time of his injury. Taylor did not submit any contradictory affidavits or discovery materials so there is no issue of fact in this regard. La.C.C.P. 967.
For the foregoing reasons, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.