I í GREMILLION, Judge.
This is an appeal by the plaintiff, Russell Louviere, from the trial court’s decision granting summary judgment in favor of the defendant, Woodson Construction Company, finding that Woodson is Louviere’s statutory employer. We affirm.
FACTS
Woodson executed a written contract with Mobil Oil Exploration & Producing U.S., Inc. to extend an existing pipeline. Woodson and Laine Construction Company then purportedly entered into an oral agreement whereby Laine agreed to provide the labor, materials, and equipment required to complete the job. Louviere worked for Laine as a welder.
On August 5, 1989, while working on the pipeline project, Louviere sustained back injuries when he fell from a stairway while exiting a van used as a ^storage facility at the worksite. The stairs were not permanently attached to the van, which was owned by Woodson, and some question remains as to whether the stairs were owned by Wood-son or Laine. Alleging that the stairs were defective, Louviere filed a personal injury suit against Woodson seeking damages. Woodson responded by filing a motion for summary judgment asserting the two-eon-tract statutory employer immunity defense pursuant to La.R.S. 23:1061(A). The trial court, after hearing arguments on the matter, granted Woodson’s motion finding the statutory employer immunity defense applicable. From tins judgment, Louviere appeals and asserts the following assignments of error:
(1)The trial court erred in not requiring the defendants to meet the temporal requirement in order to successfully assert a two-contract statutory employer defense, and in ignoring the jurisprudence of two other circuits in the State of Louisiana which have required proof that the contract between the general contractor and the subcontractor be entered into subsequent to the contract between the general contractor and its obligee in order to establish immunity as a two-contract statutory employer; and
(2) The trial court erred in failing to consider whether or not the work of the subcontractor is specialized per se in determining whether or not the defendant, Woodson, was a two-contract statutory employer entitled to immunity under La.R.S. 23:1061 and La.R.S. 23:1032; and
(3) The trial court erred in failing to find that there were genuine issues of material fact to be resolved with regard to whether or not Woodson was the two-contract statutory employer of the plaintiff.
SUMMARY JUDGMENT
Appellate courts review summary judgments de novo applying the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). Summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and the 1 amover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966. Facts are material if they determine the outcome of the legal dispute. South Louisiana Bank v. Williams, 591 So.2d 375 (La.App. 3 Cir.1991), writ denied, 596 So.2d 211 (La.1992). The determination of the materiality of a particular fact must be made in the light of the applicable substantive law. Sun Belt Constructors v. T & R Dragline Service, Inc., 527 So.2d 350 (La.App. 5 Cir.1988).
ASSIGNMENT OF ERROR NUMBER ONE
Louviere asserts that there is a temporal requirement implicit in the two-contract stat *1015 utory employer immunity defense which creates a genuine issue of material fact regarding whether the subcontract was entered into before or after the general contract was created between Woodson and Mobil.
At the time of the accident,[1] La.R.S. 23:1061 and La.R.S. 23:1032, read as follows:
§ 1061. Principal contractors; liability Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
(Emphasis added.)
|4§ 1032. Exclusiveness of rights and remedies; employer’s liability to prosecution under other laws
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies or such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of the Section, the word “principai” shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof
(Emphasis added.)
Louviere asserts that the phrase which he had contracted to perform and contracts with any person for the execution indicates a temporal requirement that the general contract be in place prior to the creation of a subcontract and absent this sequence, a general contractor cannot avail itself of La.R.S. 23:1032.
This temporal requirement first appeared in Davis v. Material Delivery Service, Inc., 506 So.2d 1243 (La.App. 1 Cir.1987). The court in Davis determined that the contracts at the center of that dispute did not fit into the two-contract scenario as described in footnote three of Berry v. Holston Well Service, Inc., 488 So.2d 934, 936 (La.1986), which reads:
The discussion throughout the remainder of this opinion does not deal with what may be called the “two-contract” statutory employer defense. La.R.S. 23:1032, 1061. In that situation, an owner contracts with a general contractor to do a job. The general contractor in turn contracts with a subcontractor for the “sub” to do the whole or a part of the total job contracted by the “general.” Under this contractual relationship, the contract work of the “sub” has been held in decisions of the intermediate courts to be automatically within the trade, business or occupation of the “general.” See Lewis, [v. Exxon Corp., 441 So.2d 192 (La.1983)] supra (in dicta); Borne v. Ebasco Services, Inc., 482 So.2d 40 (La.App. 5th Cir.1986); Thornton v. Avondale Shipyards, Inc., 479 So.2d 7 (La.App. 5th Cir.1985); Brown v. Ebasco Services, Inc., 461 So.2d 443 (La.App. 5th Cir.1984), writ denied in part 462 So.2d 1235 (La.1985); McCorkle v. Gulf States *1016 Utilities Co., 457 So.2d 682 (La.App. 1st Cir.1984); Juris v. Lama Drilling Co., Inc., 457 So.2d 135 (La.App.2d Cir.), writ denied 460 So.2d 1045 (La.1984); Certain v. Equitable Equipment Co., 458 So.2d 292 (La.App. 4th Cir.), writ denied 459 So.2d 535 (La.1984); Richard v. Weill Construction Co., Inc., 446 So.2d 943 (La.App. 3d Cir.), writ denied 449 So.2d 1356 (La.1984).
The Davis court arrived at this determination after noting that the seven cases cited in footnote three of Berry “involved a particular general contract and a subsequent subcontract to do a part of the work included in the general contract.” (Footnote omitted.) Davis, 506 So.2d at 1248. With all due respect to our brethren of the First Circuit, we must disagree with them as well as their basis for interpreting the law. “The sources of law are legislation and custom.” La.Civ. Code art. 1. “Legislation is the solemn expression of legislative will.” La.Civ.Code art. 2. “Custom results from practice repeated for a long time and generally accepted as having acquired the force of law. Custom may not abrogate legislation.” La.Civ.Code art. 3. ‘When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” La.Civ.Code art. 9. The paramount considerations for statutory interpretation are ascertainment of the legislative intent and the reasons which prompted the legislature to enact the law. Touchard v. Williams, 617 So.2d 885 (La.1993). Judicial construction must aim to attribute reasonable meaning to an entire statutory framework and context. Johnston v. Morehouse Parish Police Jury, 424 So.2d 1053 (La.App. 2 Cir.1982), writ denied, 427 So.2d 1208 (La.1983).
This temporal requirement is discussed by H. Alston Johnson, III, in the Louisiana Civil Law Treatise on workers’ compensation:
There is a small group of cases — no doubt again fueled by the general uneasiness with the scope of the defense — that purports to find a “temporal” requirement in the “two-contract” basis for tort immunity, essentially refusing to recognize the defense unless the contract by | (¡which the principal undertakes the particular work antedates the sub-contract with the entity which employed the injured claimant. The requirement is of dubious statutory foundation.
The apparent authority for this “temporal” requirement is a footnote in the decision in Berry v. Holston Well Service, Inc. (Footnote omitted.) In footnote three in that opinion, Justice Blanche provides a general description of the two-contract basis for tort immunity, noting that an owner contracts with a general contractor to do a job and “the general contractor in turn contracts with a subcontractor for the ‘sub’ to do the whole or part of the total job contracted by the general.” (Footnote omitted.) Regardless of whether his description might have been intended as literally as it was written, the comment is entirely dicta, since Berry did not involve the two-contract defense and Justice Blanche plainly states in the same footnote that “the discussion throughout the remainder of this opinion does not deal with what may be called the ‘two-contract’ statutory employer defense.”
It thus follows that Berry itself cannot be binding authority with respect to any “temporal” requirement for the two-contract statutory employer defense. The 1989 amendments intended to overrule Be'rry are aimed at the trade, business or occupation basis for the defense, and thus do not address the two-contract basis either. (Footnote omitted.) This brings us to the question — quite independent of the decision in Berry and the 1989 amendments — of whether there is a “temporal” aspect in the statute itself.
Reference to Section 1061 of the Act does not show great support for this theory. While the section does speak in the past tense with respect to the “first” contract (“which he had contracted to perform”), it does not necessarily speak of a subsequent second contract (“and contracts with any person”). While the second phrase could mean that he contracts in the future after the first contract, it could just as well mean that he has a standing agreement with another person to provide labor, for example, on the jobs that he *1017 contracts to do for other people. In sum, the statutory exegesis does not appear to require a “temporal sequence” to the two contract theory.
Thus the eases in which such a requirement has been imposed seem to stretch the Act too far on this point, (footnote omitted) though it must certainly be said that they are consistent with a long line of cases which are hostile to the defense and will do everything possible to restrict it as narrowly as possible.
14 Malone & Johnson, Louisiana Civil Law TREATISE, WORKERS’ COMPENSATION LAW AND PRACTICE, § 364, at 192-93 (1994).
bln light of the above principles of law and the analysis by Johnson, we adopt the trial court’s reasoning:
[R]ecognizing that there are two methods by which a principal may become a statutory employee and that is the Berry test or the two contract method; and relying upon the statute, there is no temporal requirement in the statute. It would really be a strain really to say that one has to come before the other. That’s a judge made requirement. I admit that there are some some appellant [sic] panels who have inserted this requirement, but under our civilian method of statutory construction, I see no such requirement.
Accordingly, this assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWO
Louviere contends the trial court erred in failing to consider whether or not the work of the subcontractor is specialized per se in determining whether Woodson was a two-contract statutory employer entitled to immunity under La.R.S. 23:1061 and La.R.S. 23:1032.
Because the accident in question occurred in 1989, Louviere asserts the Berry test concerning specialization must be applied to determine whether he was Woodson’s statutory employee. We disagree. In Rosier v. H.A. Lott, Inc., 563 So.2d 1321 (La.App. 3 Cir.), writ denied, 568 So.2d 1058 (La.1990), we held that Berry does not deal with the two-contract statutory employer defense. The Berry analysis, therefore, is not controlling in the present ease. Furthermore, courts have held that the contract work of the subcontractor automatically falls within the trade, business, or occupation of the general contractor. Berry, 488 So.2d 934; See also, Mathew v. Aetna Cas. & Sur., 578 So.2d 242 (La.App. 3 Cir.1991); Rosier, 563 So.2d 1321.
Accordingly, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER THREE
Louviere’s third assignment of error is dependent upon there being a temporal requirement to La.R.S. 23:1061 and La.R.S. 23:1032. Because we have | ¿found that there is no temporal requirement, this assignment of error is rendered moot.
CONCLUSION
For the foregoing reasons, we affirm the ruling of the trial court granting the motion for summary judgment in favor of Woodson Construction Company. Costs of this appeal are taxed to the appellant, Russell Louviere.
AFFIRMED.
PETERS, J., dissents.
COOKS, J., dissents with reasons.

. The applicable law is the law in effect at the time of the accident. Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992).