hLOVE, Judge.
The plaintiff, Ms. Louise Allen appeals the judgment of the trial court, granting a Motion for Summary Judgment in favor of the defendant, the Ernest N. Morial Convention Center. We reverse the trial court judgment and find that the defendant may not assert the “two-contract” theory of defense because the contractual agreements do not satisfy the temporal requirement necessary to raise this defense.[1]

FACTS AND PROCEDURAL HISTORY

ACE Hardware Stores (“ACE”) contracted with the Ernest N. Morial Convention Center (“Convention Center”) to provide a venue for the ACE Hardware Annual Fall National Show. The Convention Center contracted with Aramark to provide refreshments and support staff for the show. Ms. Louise Allen (“Ms. Allen”) was an employee of Aramark. Ms. Allen filed the present | Jawsuit for damages after allegedly sustaining injuries on the premises of the Convention Center while in the course and scope of employment with Aramark. She alleges that she was injured when she tripped at the entrance of an elevator, as a result of an unevenness between the floor of the building and the elevator.
The Convention Center alleges that, pursuant to the “two-contract” theory of defense, Ms. Allen’s exclusive remedy against it is worker’s compensation, because she was in the course and scope of her employment. Conversely, Ms. Allen argues that although she was in the course and scope of employment at the time of the injury, the Convention Center is barred from raising the “two-contract” theory of defense because it does not satisfy the temporal requirement necessary to raise this defense.

Standard of Review

Summary judgments are reviewed on appeal de novo. Migliori v. Willows *646 Apartments, 98-1814 (La.App. 4 Cir. 2/3/99), 727 So.2d 1258; Our Lady of the Lake Hospital, 93-2512 (La.7/5/94), 639 So.2d 730. A motion for summary judgment which shows that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law shall be granted. La. C.C.P. art. 966(1).

Discussion

The sole issue for this court to determine is whether the Convention Center may raise the “two-contract” theory of defense to oppose Ms. Allen’s lawsuit.
| ¡¡Ordinarily, an employee may not sue his employer in tort for accidental injuries sustained while on the job. See La. R.S. 23:1032; Roberts v. Orpheum, 610 So.2d 1097 (La.App. 4 Cir.1992); Haley v. Calcasieu Parish Sch. Bd., 99-883 (La.App. 3 Cir. 12/8/99), 753 So.2d 882, 888, writ denied, 2000-0054 (La.2/24/00), 755 So.2d 242. The employee is limited to relief in the form of worker’s compensation. See Orpheum, 610 So.2d 1097. In providing tort immunity against an injured employee’s claim, Louisiana Revised Statute 23:1032(A)(l)(b) envelopes a broad class of potential defendants. Specifically, it provides that worker’s compensation is the exclusive remedy for all claims against:
.... [the employee’s] employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine.
La. R.S. 23:1032(A)(l)(b). [Emphasis added]. A “principal” is defined by La. R.S. 23:1032(2) as:
-any person who undertakes to execute any work which is part of his trade, business or occupation in which he was engaged at the time of injury, or which he had contracted to perform and contracts with any person for the execution thereof.
The foregoing provisions manifest an intent by the legislature that a principal is immune from tort but liable in worker’s compensation, anytime the principal contracts to do any work, irrespective of whether it is a part of the principal’s trade, business or occupation, and then contracts with another party for the performance of the work. Vickers v. Cajun Concrete Services, Inc., 93-1537 (La.App. 4 Cir. 3/15/94), 634 So.2d 68. This immunity is to be extended to all principals; however far removed from the direct employer of the injured worker, who contracted to perform the work in which the injured party is engaged at the |4time of injury. Crochet v. Westminster City Center Properties, 572 So.2d 720, 723 (La.App. 4 Cir.1990). The aforementioned concept has been described as the “two-contract” theory of defense. Pursuant to the “two-contract” theory of defense, a general contractor is exempt from tort liability to a subcontractor’s employee if the general contractor subcontracts for the performance of all or part of the general contract. Taylor v. Broadmoor Corp., 623 So.2d 674 (La.App. 4 Cir.1993). Thus, the “two-contract” theory of defense contemplates relationships among at least three entities: a general contractor who has been hired by a third party to perform a specific task; a subcontractor hired by that general contractor; and an employee of the subcontractor. Freeman v. Moss Well Service, Inc., 614 So.2d 784 (La.App. 2 Cir.1993); Legros v. Norcen Exploration, Inc., 583 So.2d 859 (La.App. 1 Cir. 1991). This provided, we must now determine whether the Convention Center, as a the general contractor that subcontracted with Aramark, may assert the “two-contract” theory of defense as a means to escape tort liability. To prevail on summary judgment, the party asserting the two-contract defense must provide evidence of a contractual relationship that fits the two-contract situation, i.e., where the principal has contracted to do work and *647 then contracts with another to do all or part of that work. See Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981); Meche v. Washington Life Ins. Co. of America, Inc., 578 So.2d 239 (La.App. 3 Cir.1991). Specifically, in order to raise this defense, the Convention Center must establish the requirements as set forth in Black v. McDermott Intern. Inc., 96-2062 (La.App. 4 Cir. 4/2/97), 692 So.2d 724. In Black, supra, the court held that the defendant must show that: •
|s(l) the defendant entered into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for defendant to fulfill its contractual obligation to perform the work, defendant entered into a subcontract for all or part of the work performed.
An additional requirement imposed, is that the general contractor/principal must prove that.he entered into a general contract to do certain work prior to entering into his contract with the plaintiffs employer to perform a part of that work. Id.; See Crochet, 572 So.2d 720 at 723. This has been referred to as the “temporal requirement.” See Peterson v. BE & K Inc. of Alabama, 94-0005 (La.App. 1 Cir. 3/3/95), 652 So.2d 617.
Ms. Allen argues that the Convention Center cannot avail itself of the “two-contract” theory of defense because the contractual agreements do not satisfy the temporal requirement. Ms. Allen alleges that ACE contracted with the Convention Center on July 7, 1994; however, the Convention Center sub-contracted with Ara-mark prior to this date, on October 13, 1989. Thus, contrary to the requirement of Crochet, the Convention Center subcontracted work to Aramark before ACE had even hired the Convention Center for the job.
Upon review of the contracts between ACE and the Convention Center and that between the Convention Center and Ara-mark, it is clear that the requirements articulated in Black are satisfied. The Convention Center entered into a contract with a third party, ACE, and in order for the Convention Center to fulfill its contractual obligation, it entered into a subcontract to have a portion of the work performed by Aramark. Thus, since these three requirements are satisfied, the Convention Center’s ability to raise the “two-contract” theory of defense solely centers upon whether we find that the temporal requirement is mandatory.
In Black, 692 So.2d 724 at 726, we stated that:
| fiThis is referred to as the temporal requirement and it must be satisfied before the two-contract defense may be applied to acquire tort immunity.
[Emphasis added]. Nonetheless, in Black, there was no question as to the timing of the contractual agreements. Thus, we were not forced to address the issue of what occurs when the temporal requirement has not been satisfied. However, we broached this issue in Taylor, 623 So.2d 674 but did not fully expound upon whether or not a defendant could avail itself of this defense absent the imposition of the temporal requirement. In Taylor, the plaintiff argued that the defendant could not assert the two-contract theory of defense because the defendant never presented evidence of the “original” contract, therefore, there was nothing in the record evidencing that the “original” contract was in place before the subcontracting agreement manifested. We stated that the issue raised by plaintiff was significant because there exists a requirement that the general contract exist prior to entering into a contract with the plaintiffs employer. Nonetheless, we found that the defendant could still raise the “two-contract” theory defense because other evidence ex *648 isted in the record which verified that the “original” contract preceded the contractual agreement with the plaintiffs employer. Although Taylor does not specifically address the issue presented here, it does indicate that the temporal requirement must be satisfied before a defendant may raise the “two-contract” theory of defense.
The Convention Center argues that the temporal requirement is not a mandatory factor when seeking to raise the “two-contract” theory of defense. In support of this contention, the Convention Center proposes that we follow our brethren in the Third Circuit as articulated in Louviere v. Woodson Construction Company, 97-1075 (La.App. 3 Cir.1996), 679 So.2d 1013, 1018. In Louviere, the 17plaintiff argued that the trial court erred in granting the Motion for Summary Judgment because there was still a genuine issue of material fact as to whether the defendant had satisfied the temporal requirement. However, the court held that the temporal requirement was merely dicta and thus, unnecessary in order for a defendant to invoke the “two-contract” theory of defense. Id. at 1018.
Upon review of Louviere, we respectfully decline to follow this decision. The case law in our circuit is consistent in imposing the temporal requirement and we will not depart from this precedent. The contracts contained in the trial record clearly demonstrate that the Convention Center had not been hired by ACE at the time the Convention Center sub-contracted work out to Aramark. Thus, the Convention Center does not satisfy the requirement that it “prove that [it] entered into a general contract to do certain work prior to entering into [its] contract with plaintiffs employer to perform a part of that work.” See Crochet, 572 So.2d 720 at 723.
Accordingly, we will uphold the temporal factor as a necessary requirement for asserting the “two-contract” theory of defense. Consequently, the judgment of the trial court is reversed.
REVERSED. .
ARMSTRONG, J., dissents with reasons.

. The Convention Center also contends that pursuant to La. C.C.P. art.2085, Ms. Allen is barred from raising this appeal because she allegedly acquiesced in the summary judgment dismissing her lawsuit. However, upon review of the record, we find this contention is without merit. Ms. Allen did not clearly demonstrate an intention to acquiesce and abandon her right to appeal. See Schneider v. Mayo, 94-527 (La.App. 3 Cir. 12/7/94), 647 So.2d 606; Brewster v. Santos, 94-1148 (La.App. 4 Cir. 11/30/94), 646 So.2d 486.