**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-31175
Summary Calendar

YOLINDA WASHINGTON

Plaintiff - Appellant

v.

WESTERN & SOUTHERN LIFE INSURANCE CO

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
No. 02-CV-2684

Before KING, Chief Judge, and WIENER and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Yolinda Washington appeals from the district court's grant of Defendant-Appellee Western & Southern Life Insurance Co.'s (Western-Southern's) motion for summary judgment. For the following reasons, we affirm.

## I. BACKGROUND

The facts of this case are not in dispute. On November 18, 2000, Richard Washington was injured in a motor vehicle accident,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rendered unconscious, and hospitalized.  After spending four-and-a-half months in the hospital, he died on April 8, 2001.

Yolinda Washington, the decedent's wife, submitted a claim for accidental death benefits pursuant to an insurance policy that Mr. Washington had purchased from Western-Southern in 1996. The policy, which was entitled "Accidental Death and Loss of Sight or Limbs Policy," provided for the payment of benefits upon Mr. Washington's accidental death or in the event that he lost his sight or limbs "from injuries received in an accident or from sickness."[1]  According to the terms of the policy, the standard $100,000 death benefit was available:

> if [Mr. Washington was] killed accidentally.  To be accidental, death must be the direct result of injuries received in an accident.  Death must be independent of all other causes.  <u>Death must also occur within 90 days after the accident.</u>  The accident must happen while the policy is in force.

(emphasis added).  After conducting a brief investigation, Western-Southern denied Ms. Washington's claim because Mr. Washington had died more than ninety days after the motor-vehicle accident that led to his hospitalization.

Ms. Washington subsequently initiated suit against Western-Southern in Louisiana state court, claiming that the 1996 policy was a <u>life insurance</u> policy and, therefore, that the ninety-day limitation was null and void as an unlawful condition on

---

[1]    Increased benefits would have been available if the accident occurred while Mr. Washington was riding on a public conveyance or if the accident was caused by an intoxicated driver.

recovery. See LA. REV. STAT. ANN. § 22:170(B) (West 2004) (providing that "[n]o policy of life insurance . . . shall contain any provision which excludes or restricts liability for death caused in a certain specified manner . . . except" for certain enumerated provisions, not including a ninety-day limit for accidental death). Western-Southern removed the case to federal district court under 28 U.S.C. § 1332 (2000). After limited discovery, Ms. Washington filed a motion for summary judgment based on the legal theory articulated above. In response, Western-Southern filed its own motion for summary judgment, contending that the 1996 policy was an <u>accidental death</u> policy not subject to the restrictions in § 22:170(B). On October 7, 2003, the district court agreed that the 1996 policy was an "accidental death policy," not a life insurance policy, and granted Western-Southern's motion for summary judgment. Ms. Washington appeals.

## II. DISCUSSION

We review the district court's grant of summary judgment <u>de novo</u>. <u>Shocklee v. Mass. Mut. Life Ins. Co.</u>, 369 F.3d 437, 439 (5th Cir. 2004). Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. <u>Id.</u> Ms. Washington contends that the district court erroneously construed Louisiana insurance law in granting Western-Southern's motion for summary judgment. We review the district court's interpretation of state

law de novo.  See Swearingen v. Owens-Corning Fiberglass Corp.,

968 F.2d 559, 561 (5th Cir. 1992).

Ms. Washington's argument that the ninety-day limitation on

recovery is invalid depends on her claim that the 1996 policy

qualifies as life insurance, not accident insurance, under

Louisiana law.  The Louisiana legislature has defined "Life"

insurance as

> Insurance on human lives and insurances appertaining
> thereto or connected therewith. . . . [T]he transacting
> of life insurance includes the granting of annuities or
> survivorship benefits; additional benefits . . . in the
> event of death by accident; additional benefits in event
> of the total and permanent disability of the insured; and
> optional modes of settlement of proceeds.

LA. REV. STAT. ANN. § 22:6(1) (West 2004).  "Health and Accident"

insurance, on the other hand, is defined as

> Insurance of human beings against bodily injury,
> disablement, or death by accident or accidental means, or
> the expense thereof, or against disablement, or expense
> resulting from sickness or old age, or [various forms of
> health insurance] . . . .

Id. § 22:6(2)(a) (emphasis added).

By its terms, the 1996 policy appears to fit within the

plain language of the "Health and Accident" insurance definition.

That is, instead of generally insuring Mr. Washington's life and

providing "additional benefits . . . in the event of death by

accident," the entire focus of the 1996 policy's provisions was

to insure Mr. Washington against certain forms of "bodily injury,

disablement, or death by accident or accidental means."  In

addition, the 1996 policy contains provisions that generally

track those required by Louisiana law to be included in all health and accident insurance policies, see LA. REV. STAT. ANN. § 22:213(A), but omits some of the provisions required by law to be included in all life insurance policies, see id. § 22:170(A).[2] Moreover, as the district court pertinently observed, the 1996 policy's title, "Accidental Death and Loss of Sight or Limbs Policy," bolsters the conclusion that this was an accident insurance policy and not a life insurance policy.

Nevertheless, Ms. Washington argues that her position is vindicated by the reasoning of American Health & Life Insurance Co. v. Binford, 511 So. 2d 1250 (La. App. 2 Cir. 1987). In Binford, an intermediate appellate court held that an insurance policy, which "provides benefits upon the death of the insured only if the death is caused by an accidental bodily injury," qualified as a life insurance policy because it "provides for insurance on human lives[,] specifically, . . . for lives lost through accidental bodily injury." Id. at 1253.[3] Under Binford, Ms. Washington argues, the 1996 policy should also be deemed life insurance, even though the policy does not insure Mr. Washington's life generally but authorizes benefits only in the event that his death is caused by an accident.

---

[2] To note but one example, the 1996 policy does not guarantee that coverage may be reinstated at any time within three years of default provided that the conditions outlined in § 22:170(A)(9) have been met.

[3] The court noted that the policy's inclusion of coverage for "dismemberment or loss of eyesight" did not affect its categorization as life insurance under the statute. Id.

But Binford is not the only pertinent authority.  In at
least two prior intermediate appellate court decisions, Louisiana
jurists categorized insurance policies containing "accidental
death" benefits as "Health and Accident," not "Life," insurance
policies.  See Daigle v. Travelers Ins. Co., 421 So. 2d 302, 304
(La. App. 1 Cir. 1982) (rejecting plaintiff's argument "that the
Accidental Death and Dismemberment Policy should be classified as
life insurance rather than health and accident insurance");
Willis v. Willis, 287 So. 2d 642, 647 (La. App. 3 Cir. 1974) (on
rehearing) (concluding that "the policy in question was a health
and accident policy containing an accidental death provision
[not] . . . a life policy").  Because these decisions comport
with the plain language of the Louisiana Insurance Code, as
outlined above, we conclude, as we believe the Louisiana Supreme
Court would, that the 1996 policy was a form of Health and
Accident insurance.[4]  See Hulin v. Fibreboard Corp., 178 F.3d
316, 318-19 (5th Cir. 1999) ("[I]n determining the content of the
state law to be applied . . . 'the underlying substantive rule

---

[4]    Ms. Washington appears to argue, in the alternative,
that the 1996 policy does not meet the definition of "Health and
Accident" insurance because it only provides accident benefits.
This argument is foreclosed by the Louisiana Supreme Court's
interpretation of LA. REV. STAT. ANN. § 22:6(2)(a).  Cf. Rudloff v.
La. Health Servs. & Indem. Co., 385 So. 2d 767, 770 (La. 1980)
(on rehearing) (overruling a prior case that had held that a
policy providing benefits only for hospital and medical care was
not "health and accident" insurance since it did not insure
against injury or death by accident, because § 22:6(2)'s
definition of "Health and Accident" insurance encompasses
policies containing either health or accident insurance, in
addition to policies containing both types of insurance).

involved is based on state law and the State's highest court is the best authority on its own law. If there be no decision by that court then federal authorities must apply what they find to be the state law after giving 'proper regard' to relevant rulings of other courts of the State'" (quoting <u>Comm'r v. Estate of Bosch</u>, 387 U.S. 456, 465 (1967))); <u>see also</u> <u>FDIC v. Abraham</u>, 137 F.3d 264, 268 (5th Cir. 1998).

Accordingly, we hold that the district court did not err in concluding that the 1996 policy's clause limiting the recovery of accidental death benefits to situations where the insured dies within ninety days of the qualifying accident was valid under Louisiana law. <u>See</u> WILLIAM SHELBY MCKENZIE & H. ALSTON JOHNSON, III, LOUISIANA CIVIL LAW TREATISE: INSURANCE LAW AND PRACTICE § 285, at 628-29 (2d ed. 1996) (explaining that, "in cases involving accidental loss policies, clauses requiring that the loss be incurred within ninety days of the accident have been upheld" and arguing that this outcome is justified because "[t]he insurer is entitled to a determination of sound causal relationship, and to a prompt resolution of its financial responsibility"); <u>id.</u> at 628 n.5 (citing cases).

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.