**Percy DAIGLE, Plaintiff,**

v.

**AMERICAN INSURANCE COMPANY, Maryland Casualty Company, United States of America, Defendants.**

**Civ. A. No. 13963, Division D.**

United States District Court
E. D. Louisiana,
New Orleans Division.

July 6, 1964.

H. Alva Brumfield, Sylvia Roberts, Baton Rouge, La., Burton G. Klein, Donald S. Klein, New Orleans, La., for plaintiff.

Porteous & Johnson, Parnell J. Hyland, New Orleans, La., for American Ins. Co. as insurer of Mason-Rust, Inc.

Lemle & Kelleher, Carl J. Schumacher, Jr., Albert H. Hanemann, Jr., New Orleans, La., for American Ins. Co. as insurer of Dow Industrial Service.

Sessions, Fishman, Rosenson & Snellings, Cicero C. Sessions, New Orleans, La., for Maryland Cas. Co.

Gene S. Palmisano, Asst. U. S. Atty., for United States.

AINSWORTH, District Judge.

Mason-Rust, Inc. entered into a written contract with the United States Government (National Aeronautics and Space Administration) to perform "Support Services" in connection with the construction of certain facilities at NASA's Michoud, Louisiana, plant. Appendix "P" contained in a Supplemental Agreement, Modification No. 12, to the original contract, Paragraph B thereof, reads: "2. The following projects are being planned for start of construction during the period of this contract and for which the services of the Contractor are to be furnished under this contract. a. Chemical Waste Disposal."

Thereafter Mason-Rust, Inc. entered into a written subcontract with Dow Industrial Service relative to the design, construction and testing of a deep-well-injection system for disposal of industrial waste.

Thereafter Dow Industrial Service entered into a written subcontract with An-Son Corporation for the performance

of certain rotary drilling in connection with the disposal well system.

Plaintiff, an employee of An-Son Corporation, was injured while performing work in connection with drilling a chemical disposal well, and brought this suit in tort against the insurer of Mason-Rust, Inc. and Dow Industrial Service (American Insurance Company), as well as others.

The three contracts referred to herein have been filed in connection with the motion before the court. It is evident from a reading of these instruments that part of the work contracted for by Mason-Rust, Inc. is the chemical-waste-disposal well, which was subcontracted to Dow Industrial Service, and in turn subcontracted to An-Son Corporation, plaintiff's employer. Plaintiff's injuries were occasioned while he was engaged in drilling the disposal well. These facts cannot be disputed.

Summary judgment is authorized under Fed.R.Civ.P. 56 if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.

Under Louisiana law plaintiff is limited to workmen's compensation in regard to Mason-Rust, Inc. and its insurer, for this is his exclusive remedy provided by the Louisiana Workmen's Compensation Act, LSA–R.S. 23:1021 et seq. Section 1032 of the Act states in part:

> "The rights and remedies herein granted to an employee or his dependent on account of a personal injury for which he is entitled to compensation under this Chapter shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations."

Section 1061 of the Act provides in part as follows:

> "*Where any person* (in this section referred to as principal) *undertakes to execute any work*, which is a part of his trade, business, or occupation or *which he had contracted to perform, and contracts with any person* (in this section referred to as contractor) *for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him;* * * *."* (Emphasis supplied.)

Since plaintiff is the statutory employee of Mason-Rust, Inc., defendant American Insurance Company's assured, entitled exclusively to Louisiana workmen's compensation with regard to this defendant, he may not maintain this action in tort.

It is ordered that the motion of defendant, American Insurance Company, as the insurer of Mason-Rust, Inc., for summary judgment be, and the same is hereby, granted.