537 So.2d 381 (1988)
Marvin ROGERS
v.
GERVAIS FAVROT COMPANY, INC., et al.
No. 88-CA-1072.
Court of Appeal of Louisiana, Fourth Circuit.
December 29, 1988.
R. Glenn Cater, Cater & Willis, and Joseph H. Hurndon, Hurndon & Gaffney, New Orleans, for Marvin Rogers.
Edward A. Rodrigue, Jr., Terry B. Deffes, Boggs, Loehn & Rodrigue, New Orleans, for Gervais F. Favrot Co., Inc. and U.S. Fidelity and Guar. Co.
Before SCHOTT, C.J., and WARD and PLOTKIN, JJ.
WARD, Judge.
The issue presented by this appeal is whether the Trial Court erred in granting summary judgment holding that Gervais Favrot Company, Inc., a general contractor, was Marvin Roger's statutory employer and thereby exempt from tort liability by virtue of La.R.S. 23:1032.
Gervais Favrot Co., Inc. was the general contractor for construction of the L.L. & E. Tower in New Orleans. Favrot subcontracted with B & G Crane Service, Inc. d/b/a Sun Erection Company for structural steel work on the building. Marvin Rogers, while in the course and scope of his employment with Sun Erection Company, sustained serious injuries in a fall while installing iron decking on the building.
Rogers sued Favrot, its liability insurers, and others, alleging negligence. Favrot answered and moved for summary judgment, arguing that La.R.S. 23:1032 exempts Gervais Favrot Co., Inc. from Rogers' tort liability claims. The Trial Court upheld Favrot's defense and granted summary judgment. We affirm.
R.S. 23:1032 limits the rights and remedies of an employee of a subcontractor against the principal contractor to the benefits given by Louisiana's worker's compensation laws.

*382 § 1032. Exclusiveness of rights and remedies; employer's liability to prosecution under other laws
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.
On appeal Rogers argues Favrot cannot invoke tort immunity as his "statutory employer" under R.S. 23:1032 because the record is devoid of any evidence showing Rogers was injured while engaged in work which was part of Favrot's "trade, business or occupation".
Admittedly, the affidavit introduced by Favrot to support its motion for summary judgment did not say that steel erection work is a part of its trade, business or occupation. However, by a disjunctive reading of the definition of principal in R.S. 23:1032, a general contractor is exempt from tort liability to a subcontractor's employee if the general contractor subcontracts for the performance of all or part of the general contract. This is referred to as the "two contract" statutory employer defense in tort actions. Berry v. Holston Well Service, Inc., 488 So.2d 934, 936 n. 3 (La.1986). Williams v. Metal Building Products Co., Inc., 522 So.2d 181 (La.App. 5th Cir.1988). Acknowledging the "two contract" theory of statutory employer defense, the Supreme Court in Berry stated: The discussion throughout the remainder of this opinion does not deal with what may be called the `two-contract' statutory employer defense. La.R.S. 23:1032, 1061. In that situation, an owner contracts with a general contractor to do a job. The general contractor in turn contracts with a subcontractor for the `sub' to do the whole or part of the total job contracted by the `general.' Under this contractual relationship, the contract work of the `sub' has been held in decisions of the intermediate courts to be automatically within the trade, business or occupation of the `general.' 488 So.2d at 936 ft. 3. (Other citations omitted.)
This disjunctive reading of the definition of principal means it is immaterial that Favrot failed to prove it was engaged in work which was part of Favrot's trade, business or occupation, because Favrot proved the existence of a general contract for construction and a subcontract for part of the work with Rogers' employer.
Nonetheless, Rogers urges this court to ignore the "two contract" theory and to apply only the test discussed in Berry to determine whether a statutory employer relationship exists. In Berry, Sohio Petroleum Co., owner of a mineral lease and oil well, contracted with Holsten Well Services, Inc. to workover the well. Because it became necessary to perforate the well during the workover operation, Sohio contracted directly with Berry's employer, CRC Western Wireline Services, to perform the perforation. Berry was injured during the workover and sued Sohio alleging negligence.
The Supreme Court held that Sohio was not a statutory employer because the contract work of Western Wirelines was highly specialized, not customarily performed by oil companies with their own employees, and therefore was "specialized per se", not a part of Sohio's trade business or occupation.
Sohio, as the owner of a mineral lease and oil well, obviously was not a general contractor and was not exempted from tort liability under the "two contract" test;
*383 therefore, Berry does not support Rogers' argument.
Because it is clear Favrot as a general contractor undertook construction of the L.L. & E. Tower and that Favrot subcontracted with Rogers' employer for execution of a portion of the work, under the "two-contract" statutory employer defense of R.S. 23:1032 Favrot is exempt from Rogers' tort liability claims.
AFFIRMED.