572 So.2d 720 (1990)
Leah Crochet, wife of/and Olden CROCHET, Jr.
v.
WESTMINSTER CITY CENTER PROPERTIES, Westminster City Center Properties of New Orleans, et al.
No. 90-CA-0495.
Court of Appeal of Louisiana, Fourth Circuit.
December 20, 1990.
*721 Gerald E. Meunier, Gainsburgh, Benjamin, Fallon, David & Ates, New Orleans, for plaintiffs/appellants.
Robert N. Ryan, Celeste B. Miller, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, for defendant/appellee.
Bernard S. Dolbear, New Orleans, for intervenor-appellee.
Before ARMSTRONG, PLOTKIN and BECKER, JJ.
PLOTKIN, Judge.
The sole issue in this appeal is whether a general contractor is immune from tort liability for injuries suffered by the employee of a sub-subcontractor. The trial court held that the general contractor is immune from such liability under the statutory employer provisions of Louisiana's worker's compensation law. We affirm.

Facts:
Plaintiff Olden Crochet was injured when he fell into an elevator shaft at 1615 Poydras Street while performing duct work inside the shaft. At the time of the accident, the building, which is owned by Westminster City Center Properties, had been leased by Freeport-McMoran, which contracted with Gervais Favrot to do a "build out" on the first 13 floors. The three-story elevator where the accident occurred was being added as a part of the build out to service an employee cafeteria on the third floor. As general contractor, Favrot subcontracted with Mechanical Construction Co. (MECO) to do the heating, air conditioning and plumbing work on the project. MECO sub-subcontracted the duct work to plaintiff's employer, Atlas Blowpipe.
Following the accident, plaintiff brought suit in tort against Westminster, Freeport, Favrot, and MECO. Westminster, Freeport, and Favrot filed motions for summary judgment. The trial court denied the motion on behalf of Westminster and Freeport, but granted the motion on behalf of Favrot, finding that Favrot was the plaintiff's "statutory employer" under the "two-contract" defense to tort liability in Louisiana's worker's compensation law. Plaintiff has appealed, making three basic arguments:
(1) The "two-contract" defense should not be applied when the injured worker is the employee of a sub-subcontractor;
(2) Favrot cannot be considered plaintiff's statutory employer because the work he was performing at the time of the accident was specialized.
(3) The "two-contract" defense cannot be applied to relieve Favrot of tort liability because the facts of the case do not meet the "temporal requirements" necessary to that defense.

*722 Applicable law

The two-contract defense to tort liability for statutory employers arises from the language of LSA-R.S. 23:1061, read in conjuction with LSA-R.S. 23:1032. Those statutes, as they read in 1985, at the time of plaintiff's injury, state, in pertinent part, as follows:
Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.
LSA-R.S. 23:1061. (Emphasis added.)
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof.

LSA-R.S. 23:1032. (Emphasis added.)
Application to employee of sub-subcontractor
A careful reading of the above statutes, especially the highlighted language, reveals that the Louisiana legislature clearly intended for the exclusive remedy provisions of LSA-R.S. 23:1032 to be extended to all "principals," however far removed from the direct employer of the injured worker, who contracted to perform the work in which the injured party is engaged at the time of the injury. The statute specifically states that a principal is liable for worker's compensation to "any employee employed in the execution of the work." That language certainly covers employees of sub-subcontractors.
This interpretation is consistent both with general principles regarding construction of worker's compensation statutes and previous jurisprudence in this state. It is well settled that worker's compensation laws are to be liberally construed in favor of the worker. Bryant v. New Orleans Public Service Inc., 406 So.2d 767, 769 (La.App. 4th Cir.1981), aff'd 414 So.2d 322 (La.1982). This court has previously held that the above principle requires application of the provisions of the act equally "when an injured person seeks exclusion from the act in order to seek damages in tort." Schmolke v. Krauss Co., 217 So.2d 789, 791 (La.App. 4th Cir.1969). Thus, courts are required to interpret worker's compensation statutes in favor of coverage under the provisions of the act. In this case, the principle requires that Gervais Favrot be considered the statutory employer of the injured plaintiff.
We are sympathetic to the plaintiff's arguments that application of this principle, though theoretically for the benefit of the worker, actually benefits only the general contractor, who thereby becomes immune from both tort liability and worker's compensation liability, since the plaintiff's *723 direct employer was insured and paid the worker's compensation benefits. However, the plaintiff failed to cite, and we have been unable to find, any authority for a different result in this case. Additionally, we are persuaded by the argument that under the black-letter language of the statutes, Gervais Favrot would be liable for worker's compensation benefits should either the sub-subcontractor or the subcontractor fail to pay those benefits. Liability for worker's compensation benefits must go hand-in-hand with immunity from tort liability in order for the purpose of the worker's compensation law to be fulfilled.
This result is also supported by previous Louisiana cases from other jurisdictions which have considered this exact question. The two-contract defense has been applied to employees of sub-subcontractors by the first circuit in both Beddingfield v. Standard Construction Co., 560 So.2d 490 (La. App. 1st Cir.1990) and Albin v. Red Stick Construction Co., 509 So.2d 110 (La.App. 1st Cir.1987). The same result was reached by the third circuit in Barnhill v. American Well Service & Salvage, Inc., 432 So.2d 917 (La.App. 3d Cir.1983). In fact, the federal district court for the eastern district of Louisiana reached this result, while applying Louisiana law, as early as 1964, in Daigle v. American Ins. Co., 234 F.Supp. 43 (E.D.La.1964). Although we are not bound by the decisions in those cases, our research convinces us that they are correct under the law as it exists at this time.

Specialized nature of work
By his second argument, the plaintiff argues that Gervais Favrot cannot be considered the plaintiff's statutory employer because the work the plaintiff was performing at the time of the accident was specialized. However, the caselaw is clear that the specialization question is immaterial in considering the two-contract defense. In Rogers v. Gervais Favrot Co., 537 So.2d 381 (La.App. 4th Cir.1988), this court noted that LSA-R.S. 23:1061 must be read disjunctively and that the employer qualifies if he proves the existence of a general contract for construction and a subcontract for part of that work with the plaintiff's employer. Id. at 382. Although the Louisiana Supreme Court has not specifically ruled on this issue, in Berry v. Holston Well Service, 488 So.2d 934 (La.1986), the court favorably cited decisions from all five appellate courts to this effect. Id. at footnote 3, page 936. Additionally, the 1990 amendments to the statute, which codify the caselaw, specifically state that specialization is not a question. See LSA-R.S. 23:1061(A). Thus, this argument has no merit.

"Temporal requirements"
The caselaw on the two-contract defense has established a requirement that the general contractor/principal must prove that he entered a general contract to do certain work prior to entering his contract with the plaintiff's employer to perform a part of that work. The two major cases on this issue are Short v. Mobil Oil Corp., 544 So.2d 572 (La.App. 1st Cir.1989) and Davis v. Material Delivery Service, Inc., 506 So.2d 1243 (La.App. 1st Cir.1987), neither of which involved a construction project. In Short, the defendant contracted with the plaintiff's employer to perform a job dissembling a rack for Mobil Oil before it contracted with Mobil to perform the job. Specifically, the defendant was contacted by Mobil for a quote for the disassembly job and the defendant subsequently contacted plaintiff's employer, asking plaintiff's employer to determine the price he would charge to do the job and promising plaintiff's employer that he could perform the work if the defendant got the job. The Davis case involved a contract between the defendant and the plaintiff's employer whereby the plaintiff's employer promised to provide drivers to the defendant as needed, after which the defendant contracted with another company to transport lime.
The plaintiff's argument that the "temporal requirement" has not been satisfied in the instant case centers around his contention that the elevator in which he was working at the time of his injury was not a part of the original contract between Freeport and Favrot, but was added at some *724 time after MECO and Atlas Blowpipe entered the sub-subcontract. This contention might be enough of a "genuine issue of material fact" to preclude summary judgment in this case, except that the written contract between Freeport and Favrot, which is in the record, specifically refers to the elevator in question. The deposition testimony indicates that there was some confusion concerning where exactly the elevator would be located after the construction was well underway; however, there seems to be no question that the elevator was contemplated in the original contract. Thus, plaintiff's final argument has no merit.

Conclusion
Summary judgment may properly be granted where the record establishes that there are no genuine issues of material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). In the instant case, both of those conditions are present. Thus, the trial court judgment granting the motion for summary judgment on behalf of Gervais Favrot and against plaintiff Olden Crochet is affirmed.
AFFIRMED.