692 So.2d 724 (1997)
Wendy Freeman BLACK, wife of/and Charles Leslie Black, Jr.
v.
McDERMOTT INTERNATIONAL INC., McDermott Offshore Services Co., Inc. and Mobil Exploration and Production U.S., Inc.
No. 96-CA-2062.
Court of Appeal of Louisiana, Fourth Circuit.
April 2, 1997.
Writ Denied May 30, 1997.
Stephen B. Murray, Charles R. Ward, Jr., Stephanie Lawrence, Murray Law Firm, New Orleans, for Appellants.
Joseph W. Looney, Gregg E. Barrios, Sharon Rodi, Adams and Reese, New Orleans, for Appellee.
Before SCHOTT, C.J., and CIACCIO and ARMSTRONG, JJ.
CIACCIO, Judge.
The sole issue in this appeal is whether the trial court erred in granting summary judgment holding that McDermott Offshore Services, Inc. was Charles Black's statutory employer and thereby exempt from tort liability by virtue of LSA-R.S. 23:1032.
The material facts of this case are undisputed. On June 28, 1990, Mobil Producing Nigeria, ("MPN"), an oil drilling, refining and distributing corporation, contracted with McDermott Offshore Services, Inc. ("MOSC") to construct and install an offshore *725 compressor facility in Nigeria. MOSC, in turn, contracted with Louisiana Compressor Maintenance Co., Inc. ("LCM") on April 28, 1992 to provide mechanical foremen and labor to install four compressors at this offshore facility.
Plaintiff Charles Black, while in the course of his employment with LCM, was injured in November of 1992 while he was lifting and moving a hydraulic pump on a platform owned by MPN. There is no dispute that at the time of the accident plaintiff was working in connection with installing the compressors which MOSC was to provide to MPN.
As a result of this injury, plaintiffs, Charles and Wendy Black, filed this suit for damages against MPN and MOSC based on negligence and strict liability. Defendant MOSC brought this motion for summary judgment based on the tort immunity provided by two-contract theory of the statutory employer defense contained in LSA-R.S. 23:1061 and R.S. 23:1032. The trial court granted the motion and dismissed plaintiffs' suit. We affirm.
The two-contract defense to tort liability for statutory employers arises from the language of LSA-R.S. 23:1061, read in conjunction with LSA-R.S. 23:1032. LSA-R.S. 23:1061 provides in part as follows:
Where any person, in this Section referred to as "principal," undertakes to execute any work, which is part of his trade, business or occupation or which he had contracted to perform and contracts with any person, in this Section referred to as a "contractor" for the execution by or under the contract of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; ...
(Emphasis added.)
LSA-R.S. 23:1032 provides:
The rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights and remedies of such employee, his personal representatives, dependents, or relations, against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease. For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is part of his trade, business or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for execution thereof.
(Emphasis added.)
On appeal, the Blacks argue that MOSC cannot invoke tort immunity as Charles Black's "statutory employer" under LSA-R.S. 23:1032 because there is no evidence showing Black was injured while engaged in work which was part of MOSC's "trade, business or occupation" as provided by the statute. In fact, plaintiffs contend that the work Black was performing at the time of the accident was highly specialized and could not have been a part of MOSC's trade.
In support of this position, appellants cite to the recent Supreme Court case of Kirkland v. Riverwood Intern. USA Inc., 95-1830 (La.9/13/96), 681 So.2d 329, which adopted a multi-factored totality of the circumstances test for determining whether contract work was part of the principal's trade business or occupation. Appellants contend that based the holding of Kirkland, the two-contract theory of the statutory employer defense relied on by defendant is not valid unless the evidence presented satisfies the totality of the circumstances test set forth in Kirkland. Further, appellants contend that Louisiana courts have been reluctant to grant summary judgment based on the fact-based nature of the totality of the circumstances inquiry.
However, Louisiana courts have consistently held that an employee's work will be automatically within the trade business or occupation of the principal where there is a particular two-contract relationship between the parties. Peterson v. BE & K Inc. of Alabama, 940005 (La.App. 1 Cir. 3/3/95), 652 *726 So.2d 617, 625, writs denied 95-0831 and 95-0818 (La.5/12/95), 654 So.2d 350. In Berry v. Holston Well Service, Inc., 488 So.2d 934, 936 n. 3, (La.1986) the Supreme Court described the two-contract theory as follows:
The discussion throughout the remainder of this opinion does not deal with what may be called the "two-contract" statutory employer defense. La.R.S. 23:1061. In that situation, an owner contracts with a general contractor to do a job. The general contractor in turn contracts with a subcontractor for the `sub' to do the whole or part of the total job contracted by the `general.' Under this contractual relationship, the contract work of the `sub' has been held in decisions of the intermediate courts to be automatically within the trade, business or occupation of the `general.'
In Rogers v. Gervais Favrot Co., Inc., 537 So.2d 381 (La.App. 4 Cir.1988), this court held that LSA-R.S. 23:1061 must be read disjunctively and the employer qualifies for the two-contract defense if he proves the existence of a general contract for construction and a subcontract for part of that work with the plaintiff's employer. Under these circumstances, it is therefore immaterial that the principal fails to prove plaintiff was engaged in work which was part of its trade, business or occupation. In addition, the degree of specialization of the contract work is not relevant to a determination of the application of the two-contract theory.
In both the Berry case and the Kirkland case cited by appellants, the court did not reach the issue of the statutory employer defense under the two-contract theory, but rather solely addressed the issue of whether the contract work was part of the principal's trade business or occupation. In fact, the court in Kirkland cited in a footnote of the opinion to Professor Arthur Larson's treatise on worker's compensation which recognizes that the test of whether the contract work is part of the principal's trade business or occupation which was considered in Kirkland is separate from cases where the work is obviously a subcontracted fraction of a main contract, such as the case here. Kirkland, supra, 681 So.2d at 336, fn. 14.
Likewise, in Moore v. Crystal Oil Co., 93-3103 (La.2/25/94) 632 So.2d 758 which is relied on by appellants, the Supreme Court reversed the appellate court's affirmance of the trial court's summary judgment on the basis that there were genuine issues of material fact as to whether the contract work was part of the principal's trade business or occupation. Neither the appellate court nor the Supreme Court in Moore reached the issue of the two-contract theory, which under a disjunctive reading of the statute, is a separate defense. These cases are inapplicable to the present situation and therefore do not support appellants' argument.
In order to enjoy the tort immunity available under the two-contract theory, the defendant must show: (1) that the defendant entered into a contract with a third party; (2) that pursuant to that contract, work must be performed; and (3) that in order for defendant to fulfill its contractual obligation to perform the work, defendant entered into a subcontract for all or part of the work performed. Peterson, supra, 652 So.2d at 625. The two-contract theory also has a requirement that the general contractor/principal must prove that he entered a general contract to do certain work prior to entering his contract with the plaintiff's employer to perform a part of that work. Crochet v. Westminster City Center Properties., 572 So.2d 720, 723 (La.App. 4th Cir.1990). This is referred to as the temporal requirement and must be satisfied before the two-contract defense may be applied to acquire tort immunity. Id.
In the present case, the evidence presented at the hearing on the motion for summary judgment consisted of documentary evidence, including the contract between MOSC and MPN, and the subcontract agreement between MOSC and LCM. MOSC also introduced the deposition testimony of four LCM employees as well as the deposition of the plaintiff, Charles Black.
The agreement between MOSC and MPN was entered into on June 28, 1990 and defined the contract work as follows:
The work shall consist of the engineering, procurement, construction, installation and *727 mechanical completion and testing of onshore and offshore condensate producing facilities, ... to be located offshore SKWA IBOM STATE Nigeria ...
The deposition testimony of Mr. Otis Logue, Vice President of LCM, indicates that he was in charge of negotiating the agreement between MOSC and LCM. Mr. Logue testified that under its contract with MOSC, which was executed on April 28, 1992, LCM agreed to provide the labor and install and test the compressors for MPN's Nigeria offshore project.
Further, the deposition testimony of Mr. Danny Vickers, also a foreman employed by LCM, confirmed that the work being done by LCM on November 22, 1992, the date of Black's injury, was in connection with installing the compressors MOSC had contracted to install for MPN.
Because it is clear under these facts that MOSC contracted for the construction of the condensate producing facilities with MPN and that MOSC then contracted with Black's employer for execution of part of that work, under the "two-contract" statutory employer defense of LSA R.S. 23:1032, MOSC is exempt from Black's tort liability claims. Based on the express terms of the statutory provisions cited above, Black's exclusive remedy is for worker's compensation.
Appellants in their brief point to the inequity of the result reached by this conclusion, where MOSC specifically included in its contract with LCM a provision that LCM employees were not to be considered employees of MOSC. We acknowledge appellants' argument that under this reading of the statute, the principal becomes immune from both tort liability and worker's compensation liability, since the appellant's direct employer was insured and paid the worker's compensation benefits.
However, LSA-R.S. 23:1061 specifically holds a principal or statutory employer liable for payment of worker's compensation benefits to any employee employed in the execution of the work which the principal has contracted to perform. Thus, under the plain words of the statute, there is no requirement that the principal directly employ the injured party in order to be liable for worker's compensation benefits. However, because the principal is nevertheless liable to pay worker's compensation benefits should the direct employer fail to pay those benefits, LSA-R.S. 23:1032 specifically confers tort immunity under these circumstances. This result has been supported by Louisiana courts which have considered this exact question. See, Crochet v. Westminster City Center Prop., 572 So.2d 720, 723 (La.App. 4th Cir.1990), and cases cited therein.
Summary judgment may properly be granted where the record establishes that there are no genuine issues of material fact and the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B). In this case, defendant has satisfied both requirements. Further, the summary judgment procedure in Louisiana law is now favored and is designed to secure the just, speedy, and inexpensive determination of every action. La.C.C.P. art. 966(A)(2).
Accordingly, the trial court judgment granting the motion for summary judgment in favor of McDermott Offshore Services Co., Inc. and against Charles Black is affirmed.
AFFIRMED.
ARMSTRONG, J., concurs with reasons.
ARMSTRONG, Judge, concurring.
I concur. The two-contract defense is established in our caselaw which is binding upon us unless altered by the Supreme Court's Kirkland decision. As Kirkland involved only a single contract, i.e. one directly between the plaintiff's conventional employer and the plaintiff's alleged statutory employer, the Kirkland decision does not address the two-contract defense and, presumably, leaves that defense undisturbed.
Also, if the contract provisions between MOSC and LCM do not relieve MOSC of its statutory liability for compensation benefits (and no one suggests that they can), then they should not deprive MOSC of tort immunity. Near-complete tort immunity in exchange for near-automatic liability for compensation *728 benefits is a basic "bargain" of worker's compensation law.