801 So.2d 1161 (2001)
LOUISIANA WORKERS' COMPENSATION CORPORATION
v.
GENIE INDUSTRIES and Bush Creative.
George Michael Gibbs and Seema Gibbs
v.
Genie Industries, Inc., Pace Sound and Lighting, Inc., Anheuser Busch, Inc., Fairmont Hotel Management, L.P. a Delaware Limited Partnership, Fairmont Hotel Company-New Orleans, a California Limited Partnership, New Orleans Fairmont Hotel Company, et al.
Nos. 2000-CA-2034, 2000-CA-2035.
Court of Appeal of Louisiana, Fourth Circuit.
November 7, 2001.
*1162 Luis F. Espinel, Bombardier & Associates, L.L.C., New Orleans, LA, Counsel for Plaintiff/Appellee.
Robert E. Peyton, Joseph M. Guillot, Christovich & Kearney, L.L.P., New Orleans, LA, Counsel for Defendant/Appellee.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE.
LOVE, Judge.
Plaintiffs, George Michael Gibbs ("Mr. Gibbs") and Seema Gibbs ("Mrs. Gibbs") appeal the trial court's decision granting Summary Judgment in favor of Busch, Creative, Inc. Specifically, the trial court found that the Plaintiff, Mr. Gibbs, was an employee of subcontractor, Pace Sound & Lighting, Inc. ("Pace") and therefore, limited to worker's compensation for the injuries he sustained on the job. We affirm and find that the trial court did not err in finding that Mr. Gibbs was an employee and thereby limited to worker's compensation *1163 pursuant to the "two-contract" theory of defense.

STATEMENT OF THE FACTS AND PROCEDURAL HISTORY
Outback Steakhouse ("Outback") was planning a party in celebration of its tenth anniversary. In anticipation of this event, Outback contracted with Busch, Creative, Inc., ("Busch") to help produce the party. In turn, Busch contracted with Pace Sound and Lighting, Inc., ("Pace"), to provide audio, computer and technical equipment for the affair. Mr. Gibbs worked for Pace. On March 14, 1998, Mr. Gibbs sustained injuries while hanging electrical cables for the party. Mr. and Mrs. Gibbs filed the present lawsuit against Defendants, Busch and Pace, seeking damages for injuries sustained as a result of this accident. Busch filed a Motion for Summary Judgment alleging that pursuant to Louisiana's Worker's Compensation statute, La. R.S. 23:1032, it was entitled to judgment as a matter of law. Busch argued that Mr. Gibbs was an employee of Pace, and as such, pursuant to the "two-contract" theory of defense, his exclusive remedy against Busch was limited to relief in the form of worker's compensation. Mr. Gibbs countered that he was an independent contractor of Pace and subsequently, he was not limited worker's compensation and could instead sue Busch in tort. The trial judge granted the Motion for Summary Judgment.

STANDARD OF REVIEW
Appellate courts review summary judgments de novo. Lawyer v. Kountz, 97-2701 (La.App. 4 Cir. 7/29/98), 716 So.2d 493. A summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(b). Summary judgments are now favored, and the rules regarding such should be liberally applied. See Lawyer v. Kountz, 716 So.2d 493, at 495.

DISCUSSION
In order to determine whether Busch may in fact be availed of the two-contract theory of defense, we must first address whether Mr. Gibbs was an employee or subcontractor of Pace.

1. Is Mr. Gibbs an employee or a subcontractor?
The four factors used to determine whether an employer-employee relationship exists are: (1) selection and engagement; (2) payment of wages; (3) power of dismissal; and (4) control. Rush v. Employers Nat. Ins. Co., 598 So.2d 603 (La. App. 4 Cir.1992); D'Amico v. City of Baton Rouge, Parish of East Baton Rouge, 620 So.2d 1199 (La.App. 1 Cir.1993).
The first factorselection and engagement, is clearly satisfied in this case. Pace hired Mr. Gibbs, which is why he was at the party venue hanging electrical cables when he was injured. Next, the second factorpayment of wages, is also met. In Mr. Gibbs' deposition testimony, he revealed that he was paid on a weekly basis at a rate of $10 per hour. Typically, a payment of hourly wages is more indicative of employee status; whereas, payment on a per job basis is indicative of independent contractor status. Furthermore, upon his injury, Pace's worker's compensation insurer provided Mr. Gibbs with weekly compensation benefits and medical benefits. Thus, we find that the second factor of the Rush test strongly supports a finding that Mr. Gibbs was indeed, an employee of Pace. The third factor, power of dismissal, is also evident in this case. Mr. Gibbs testified that Pace had the power to *1164 fire him at any time without reprehension. Lastly, we find that the fourth factor is met because Pace exerted control over Mr. Gibbs. Mr. Gibbs testified that he took orders from Pace in reference to setting up and completing jobs.
Mr. Gibbs advances a myriad of arguments in support of the contention that he was an independent contractor and not an employee. Furthermore, he submits documentation to support his argument that he was not an employee, but an independent contractor. However, this court may not consider this evidence because it was not presented to the trial court for review, and consequently, is not in the trial record. An appellate court has no authority to consider on appeal facts referred to in appellate briefs, or in exhibits attached thereto, if those facts are not in the record on appeal. See Dawson v. Cintas Corporation, 97-2275 (La.App. 1 Cir. 6/29/98), 715 So.2d 165; see also Arceneaux v. Arceneaux, 98-1178 (La App. 4 Cir. 3/17/99), 733 So.2d 86, writ denied, 99-0518 (La.4/9/99), 740 So.2d 633; Verret v. State Farm Mut. Auto. Ins. Co., 99-1250 (La. App. 3 Cir. 2/2/00), 759 So.2d 115, writ denied, XXXX-XXXX (La.4/20/00), 760 So.2d 1159; Decourt v. Caracci, 97-393 (La.App. 5 Cir. 11/12/97), 704 So.2d 42. Irrespective of the inadmissible evidence attached to Mr. Gibbs' brief, he additionally does not specifically address the factors that our case law requires we evaluate in determining whether an employee-employer relationship exists. Nonetheless, given our assessment of the trial record, we find that the evidence overwhelmingly supports the trial court's conclusion that Mr. Gibbs was a Pace employee. The trial court's reasons for judgment states: "[s]ince Busch was also liable for compensation benefits due Gibbs[,] it cannot be liable in tort." In addition to this strongly persuasive factor, we find that other evidence in the record supports the trial court's determination. Therefore, we find no abuse of discretion in regards to this issue.

2. Does the "two-contract" theory of defense prevent Mr. Gibbs from filing a claim for damages against Busch?
Next, we must determine whether Busch may be availed of the "two contract" theory of defense as a means to defeat Mr. Gibbs' claim. Busch argues that because Mr. Gibbs is an employee and not an independent contractor, then he is limited to relief in the form of worker's compensation. Louisiana's worker's compensation statute, La. R.S. 23:1032 in pertinent part provides as follows:
A. (1)(a) Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.
(b) This exclusive remedy is exclusive of all claims, including any claims that might arise against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer *1165 or principal under any dual capacity theory or doctrine.
La. R.S. 23:1032. [Emphasis added].
The exclusive remedy provision of Louisiana's worker's compensation statute precludes an employee from filing a lawsuit for damages against "his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal." In defining "principal" La. R.S. 23:1032(A)(2) states the following:
(2) For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is part of his trade, business, or occupation in which he was engaged at the time of the inquiry, or which he had contracted to perform and contracts with any person for the execution thereof

[Emphasis added]. Thus, Louisiana's Worker's Compensation statute also shields principals from tort liability. See La. R.S. 23:1032. This provided, in order to further complete our analysis of the issue presented, we must read La. R.S. 23:1032 in conjunction with La. R.S. 23:1061(A)(2). La. R.S. 23:1061(A)(2) reads as follows:
Principal contractors; liability
(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.
The foregoing provisions manifest an intent by the legislature that a principal is immune from tort but liable in worker's compensation, anytime the principal contracts to do any work, irrespective of whether it is a part of the principal's trade, business or occupation, and then contracts with another party for the performance of the work. Vickers v. Cajun Concrete Services, Inc., 93-1537 (La.App. 4 Cir. 3/15/94), 634 So.2d 68. This immunity is to be extended to all principals; however far removed from the direct employer of the injured worker, who contracted to perform the work in which the injured party is engaged at the time of injury. See Crochet v. Westminster City Center Properties, 572 So.2d 720, 723 (La.App. 4 Cir.1990). The aforementioned concept has been described as the "two-contract" theory of defense. Pursuant to the "two-contract" theory of defense, a general contractor is exempt from tort liability to a subcontractor's employee if the general contractor subcontracts for the performance of all or part of the general contract. Taylor v. Broadmoor Corp., 623 So.2d 674 (La.App. 4 Cir.1993). Thus, the "two-contract" theory of defense contemplates relationships among at least three entities: a general contractor who has been hired by a third party to perform a specific task; a subcontractor hired by that general contractor; and an employee of the subcontractor. Freeman v. Moss Well Service, Inc., 614 So.2d 784 (La.App. 2 Cir.1993); Legros v. Norcen Exploration, Inc., 583 So.2d 859 (La.App. 1 Cir. 1991).
In this case, Outback contracted with Busch to produce the anniversary party. Thereafter, Busch hired Pace to do a portion of the overall job specifically, to provide audio, computer and technical support. On Motion for Summary Judgment, Busch prevailed using the "two-contract" theory of defense. Busch contended that since Mr. Gibbs was an employee of Pace and Busch had hired Pace, then his exclusive remedy against Busch was limited to worker's compensation. Mr. Gibbs argued, as he does here, that this theory is inapplicable because Pace was not his employer, *1166 pursuant to La. R.S. 23:1061. However, we have already determined that he was an employee of Pace. Thus, our only obligation at this point is to determine whether Busch may assert the "two-contract" theory of defense considering the facts of this case and the aforementioned codal provisions.
In order to benefit from the tort immunity provided by "two-contract" theory, the defendant must show:
(1) that the defendant entered into a contract with a third party; (2) that pursuant to that contract, work must be performed; and (3) that in order for defendant to fulfill its contractual obligation to perform the work, defendant entered into a subcontract for all or part of the work performed.
Black v. McDermott Intern. Inc., 96-2062 (La.App. 4 Cir. 4/2/97), 692 So.2d 724. The two-contract theory also has a requirement that the general contractor/principal must prove that it entered a general contract to do certain work prior to entering the contract with the plaintiffs employer to perform a part of that work. See Crochet, 572 So.2d 720 at 723.
Applying the precepts set forth in Black, 692 So.2d 724, the "two-contract" the statutory employer defense is squarely applicable to the present case. Busch entered into a contract with a third party, Outback Steakhouse, to prepare a venue for the tenth anniversary party. Thereafter, in order for Busch to fulfill its contractual obligation, it entered into a second contractual agreement wherein Pace was to perform a portion of the job. Furthermore, as required, Busch entered into the general contract with Outback prior to contracting with Mr. Gibbs' employer, Pace. The trial court record evidences these contractual agreements.
Therefore, the requirements set forth in Black, 692 So.2d 724, are fully satisfied so as to avail Busch of the "two-contract" theory of defense. As such, Mr. Gibbs' is limited to relief in worker's compensation.

CONCLUSION
For the reasons assigned herein, we affirm the judgment of the trial court. We find that Mr. Gibbs was an employee of Pace and therefore, he is limited to worker's compensation in relation to his claim against Busch.
AFFIRMED.
ARMSTRONG, J., concurs in the result.
ARMSTRONG, J., concurring in the result.
I concur in the result reached in the majority opinion.