STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

15-152


TONY BERARD, ET UX.

VERSUS

THE LEMOINE COMPANY, LLC, ET AL.


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20130922
HONORABLE KRISTIAN D. EARLES, DISTRICT JUDGE

**********

JIMMIE C. PETERS
JUDGE

**********

Court composed of Jimmie C. Peters, John E. Conery, and David Kent Savoie, Judges.


AFFIRMED.


C. Roan Evans
The Glenn Armentor Law Firm
300 Stewart Street
Lafayette, LA 70501
(337) 233-1471
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Tony Berard
    Mona Berard

**Foster P. Nash, III**
**Travis L. Bourgeois**
**Degan, Blanchard & Nash**
**400 Poydras Street, Suite 2600**
**New Orleans, LA 70130**
**(504) 529-3333**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Schilling Acqusitions, Inc.**

**William H. Parker, III**
**Allen & Gooch**
**Post Office Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1000**
**COUNSEL FOR DEFENDANT/APPELLEE:**
      **The Lemoine Company, LLC**

**PETERS, J.**

The plaintiffs, Tony Berard and Mona Berard, brought a personal injury lawsuit against a number of defendants to recover the damages they suffered as a result of an industrial accident involving Mr. Berard. The Berards and one of the defendants, Schilling Acquisitions, Inc., appeal the trial court's grant of summary judgment dismissing one of the other defendants, The Lemoine Company, LLC, as a party defendant. For the following reasons, we affirm the trial court's grant of summary judgment dismissing the plaintiffs' claims against The Lemoine Company LLC.

## DISCUSSION OF THE RECORD

The plaintiffs are husband and wife, and on January 5, 2012, Mr. Berard sustained severe personal injuries when he fell through a skylight while working on a building in Youngsville, Louisiana, which was owned by Schilling Acquisitions, Inc. (Schilling). On February 20, 2013, Mr. Berard brought a suit for damages against Schilling and The Lemoine Company, LLC (Lemoine), a Lafayette, Louisiana limited liability company with whom Schilling had contracted for the repair and renovation of the building. On March 8, 2013, an amendment to the original petition added Mrs. Berard as a party plaintiff.

Both defendants timely filed responsive pleadings,[1] and the issue now before us arises because Lemoine filed a motion for summary judgment on April 21, 2014, seeking dismissal from the litigation based on the argument that it was Mr. Berard's statutory employer; thus, its sole responsibility to him is under the Louisiana Workers' Compensation Act. After an October 20, 2014 hearing, the

---

[1] Other pleadings were filed in this litigation, including third-party demands, but none of the other litigation is pertinent to the issue now before us.

trial court agreed with this argument and granted summary judgment dismissing Lemoine as a party defendant. The trial court executed a judgment to that effect on November 3, 2014, and both the Berards and Schilling have appealed.

## OPINION

It is well settled that Louisiana appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Smitko v. Gulf S. Shrimp, Inc.*, 11-2566 (La. 7/2/12), 94 So.3d 750. Although amended multiple times in the last three years, summary judgment proceedings are still favored and are "designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La.Code Civ.P. art. 966(A)(2). With regard to the evidentiary requirements of a summary judgment action, La.Code Civ.P. art. 966(B)(2) provides, in pertinent part, that:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.

With regard to the burden of proof applicable to a summary judgment proceeding, La.Code Civ.P. art. 966(C)(2) provides:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

There is little factual dispute in this litigation. Schilling owns the building where the accident occurred, and it entered into a contract with Lemoine on November 1, 2011, wherein Lemoine agreed to make repairs to the roof of the building (the Schilling/Lemoine contract). On that same day, Lemoine entered into a subcontract (the Lemoine/Vaughan contract) with Vaughan Roofing & Sheet Metal LLC (Vaughan), a Port Allen, Louisiana limited liability company, to have Vaughn perform a part of the repair work it had committed to perform under the Schilling/Lemoine contract. Vaughn then entered into a subcontract (the Vaughan/Cormico contract) with Cormico, Inc. (Cormico), a Port Allen, Louisiana corporation, wherein Cormico agreed to perform Vaughan's obligations under the Lemoine/Vaughn contract. Vaughan and Cormico entered into this subcontract on December 29, 2011. On January 5, 2012, while working with the Cormico roofing crew on Schilling's building, Mr. Berard fell through a skylight sustaining significant personal injuries.

In claiming the statutory employer status, Lemoine relied on the exclusivity language of La.R.S. 23:1032, the definition of "principal" found in that statute, and the "statutory employer" language found in La.R.S. 23:1061. Louisiana Revised Statutes 23:1032(A)(1)(a) (emphasis added) provides that with the exception of intentional acts, the remedies provided to a worker in the Louisiana Workers' Compensation Act is "exclusive of all other rights, remedies, and claims for damages . . . against his employer, *or any principal* or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease." With regard to the concept of statutory employer, La.R.S. 23:1032(A)(1)(b) (emphasis added) provides, "This exclusive remedy *is exclusive of all claims*, including any claims *that might arise against* his

employer, or *any principal* or any officer, director, stockholder, partner, or employee of such employer or principal under any dual capacity theory or doctrine." Additionally, La.R.S. 23:1032(A)(2) (emphasis added) provides:

> For purposes of this Section, the word "principal" shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, *or which he had contracted to perform and contracts with any person for the execution thereof.*

The nature of the "principal" relationship is more fully set out in La.R.S. 23:1061 (emphasis added), which provides:

> A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, *when any "principal" as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032* and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.
>
> (2) *A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.*
>
> (3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the

principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.

B. When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.

In *Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Authority*, 02-1072, pp. 5-6, (La. 4/9/03), 842 So.2d 373, 377-78 (footnote omitted) (citations omitted), the supreme court explained the reason for the legislative creation of the statutory employer doctrine:

Workers' compensation legislation was enacted in the early decades of the twentieth century, not to abrogate existing tort remedies that afforded protection to workers, but to provide social insurance to compensate victims of industrial accidents because it was widely believed that the limited rights of recovery under tort law were inadequate to protect these individuals. The legislation reflects a compromise between the competing interests of employers and employees: the employer gives up the defense it would otherwise enjoy in cases where it is not at fault, while the employee surrenders his or her right to full damages, accepting instead a more modest claim for essentials, payable regardless of fault and with a minimum of delay.

The legislatures that adopted the early workers' compensation acts feared that employers would attempt to circumvent the absolute liability those statutes imposed by interjecting between themselves and their workers intermediary entities which would fail to meet workers' compensation obligations. To assure a compensation remedy to injured workers, these legislatures provided that some principals were by statute deemed, for purposes of liability for workers' compensation benefits, the employers of employees of other entities. The legislative approaches to what is commonly referred to as the "statutory employer" doctrine varied.

Louisiana adopted a broad version of the statutory employer doctrine. The Louisiana Act expressly extends the employer's

compensation obligation and its corresponding tort immunity to "principals."

In further explaining the two contract theory and statutory employer doctrine, the supreme court stated that "[t]he 'two contract' defense applies when: (1) the principal enters into a contract with a third party; (2) pursuant to that contract, work must be performed; and (3) in order for the principal to fulfill its contractual obligation to perform the work, the principal enters into a subcontract for all or part of the work performed." *Id.*at 379.

Thus, the statutory employer doctrine through the two contract theory was established to protect the employee, not the principal. Yet, in the matter before us, Lemoine seeks statutory-employer status, not for Mr. Berard's benefit, but to protect itself from tort liability.

In applying La.R.S. 23:1032 and 1061 to the facts before us, we recognize that Lemoine is the "principal" in the Lemoine/Vaughan contract and Vaughan is the "contractor." All three requirements set forth in *Allen* are satisfied by that contract and, that being the case, Lemoine is the statutory employer of Vaughan's employees. Additionally, Vaughan is the "principal" in the Vaughan/Cormico contract and Cormico is the "contractor" in that contract. Because all three requirements set forth in *Allen* are satisfied by that contract as well, Vaughan is the statutory employer of Cormico's employees, including Mr. Berard.

There exists no contractual relationship between Lemoine and Cormico, and the question to be determined is whether Lemoine's statutory-employer status extends to Cormico's employees. Lemoine argues that it does, and the Berards and Schilling argue that the two-contract relationship extends to two contracts, not three or more. They further assert that because the subcontract between Vaughan

6

and Cormico provides that Cormico is designated as an independent contractor,[2] Mr. Berard can never be an employee of Lemoine. Finally, they argue that granting Lemoine status as a statutory employer is not within the spirit or purpose of the workers' compensation statutes.

Turning first to the effect of the clause in the Vaughan/Cormico contract recognizing Cormico as an independent contractor, we find no merit in the argument that this clause precludes Mr. Berard from ever being an employee of Lemoine, statutory or otherwise. This clause simply asserts that Cormico is an independent contractor with regard to the work to be performed and not Vaughan's employee. It does nothing to change any statutory employer/employee relationship created by statute, and neither the Berards nor Schilling has directed us to any statute or jurisprudential opinion that would support their position on this argument.

With regard to the two remaining arguments asserted by the Berards and Schilling, we find a long history of jurisprudence expanding the statutory employer status past the principal/contractor level. The most recent decision of this court to address this issue is *Mathew v. Aetna Casualty and Surety Co.*, 578 So.2d 242 (La.App. 3 Cir. 1991). In *Mathew*, the court was faced with a situation where the employer of the injured employee entered into a subcontract with a contractor that

---

[2] Paragraph 16 of the subcontract between Vaughan and Cormico provides in pertinent part:

> INDEPENDENT CONTRACTOR STATUS: It is understood and agreed by the parties hereto that Subcontractor is an "independent contractor" and nothing in this contract is intended nor shall be construed to create an employer/employee relationship. . . . Subcontractor shall employ its own means and methods and exercise its own professional judgment in rendering the performance of services to undertake and complete the work. The sole concern of Contractor under this contract or otherwise is that, irrespective of the means selected by Subcontractor, the Work shall be commenced and completed in a competent, efficient and satisfactory manner in compliance with this contract and the Contract Documents[.]

7

had entered into a contract with the principal to the original contract. The employee sustained injuries in an accident while performing the work required under the subcontract. He brought a suit against the principal and contractor under the intentional-act exclusion of La.R.S. 23:1032(A), and this court affirmed the trial court's grant of summary judgment dismissing those claims. Because the injured worker's claims were couched in terms of the intentional act exclusion, this court was not required to address an extension of the statutory employer doctrine past the principal/contractor contract, but in dicta contained in a footnote, it did reference three prior opinions that supported the extension past the basic contract:

> In *Rosier* we affirmed summary judgment in favor of Port City, the general contractor herein, after an accident on the same construction site. The distinction between *Rosier* and the instant case is that Mathew was an employee of a sub-subcontractor rather than a subcontractor. The two-contract defense applies to employees of sub-subcontractors. *Crochet v. Westminster City Center Properties*, 572 So.2d 720 (La.App. 4th Cir.1990); *Beddingfield v. Standard Construction Co.*, 560 So.2d 490 (La.App. 1st Cir.1990); *Albin v. Red Stick Construction Co.*, 509 So.2d 110 (La.App. 1st Cir.1987); *Barnhill v. American Well Service and Salvage, Inc.* 432 So.2d 917 (La.App. 3d Cir. 1983).

*Id.* at 244, n.2.

In *Louisiana Workers' Compensation Corporation v. Genie Industries*, 00-2034, 00-2035 (La.App 4 Cir. 11/07/01), 801 So.2d 1161, the fourth circuit was faced with a situation wherein the injured worker sustained injuries while performing services for the company that subcontracted with the contractor to the original contract. While the issue was whether the injured worker was an independent contractor or employee, the fourth circuit stated in dicta that the two-contract statutory immunity "is to be extended to all principals; however far removed from the direct employer of the injured worker, who contracted to

8

perform the work in which the injured party is engaged at the time of injury." *Id.* at 1165.

Additionally, in *Naiman v. Goldsberry Operating Co., Inc.*, 43,266 (La.App. 2 Cir. 6/11/08), 987 So.2d 326, the second circuit was faced with a classic two-contract situation in that the injured worker was employed by a company that had contracted directly with the principal. While not having to reach the issue of an extended subcontract, the second circuit commented that "the 'two contract' statutory defense contemplates relationships among *at least three entities*: a general contractor who has been hired by a third party to perform a specific task, a subcontractor hired by that general contractor, and an employee of the subcontractor." *Id.* at 330 (emphasis added).

While we agree with the Berards and Schilling that to hold Lemoine immune from tort liability is an unintended consequence of the application of the statutory employer doctrine and conflicts with both the spirit and purpose in creating the doctrine, we can reach no other conclusion but that Mr. Berard is the statutory employee of Lemoine. The conflict is best addressed in *Crochet v. Westminster City Center Properties*, 572 So.2d 720, 722-23, *overruled on other grounds by Allen v. State ex rel. Ernest N. Morial-New Orleans Exhibition Hall Authority*, 02-1072 (La. 4/9/03), 842 So.2d 373, wherein the court stated:

> A careful reading of the above statutes, especially the highlighted language, reveals that the Louisiana legislature clearly intended for the exclusive remedy provisions of LSA-R.S. 23:1032 to be extended to all "principals," however far removed from the direct employer of the injured worker, who contracted to perform the work in which the injured party is engaged at the time of the injury. The statute specifically states that a principal is liable for worker's compensation to "any employee employed in the execution of the work." That language certainly covers employees of sub-subcontractors.

9

This interpretation is consistent both with general principles regarding construction of worker's compensation statutes and previous jurisprudence in this state. It is well settled that worker's compensation laws are to be liberally construed in favor of the worker. *Bryant v. New Orleans Public Service Inc.*, 406 So.2d 767, 769 (La.App. 4th Cir.1981), *aff'd*[,] 414 So.2d 322 (La.1982). This court has previously held that the above principle requires application of the provisions of the act equally "when an injured person seeks exclusion from the act in order to seek damages in tort." *Schmolke v. Krauss Co.*, 217 So.2d 789, 791 (La.App. 4th Cir.1969). Thus, courts are required to interpret worker's compensation statutes in favor of coverage under the provisions of the act. In this case, the principle requires that Gervais Favrot be considered the statutory employer of the injured plaintiff.

We are sympathetic to the plaintiff's arguments that application of this principle, though theoretically for the benefit of the worker, actually benefits only the general contractor, who thereby becomes immune from both tort liability and worker's compensation liability, since the plaintiff's direct employer was insured and paid the worker's compensation benefits. However, the plaintiff failed to cite, and we have been unable to find, any authority for a different result in this case. Additionally, we are persuaded by the argument that under the black-letter language of the statutes, Gervais Favrot would be liable for worker's compensation benefits should either the sub-subcontractor or the subcontractor fail to pay those benefits. Liability for worker's compensation benefits must go hand-in-hand with immunity from tort liability in order for the purpose of the worker's compensation law to be fulfilled.

This result is also supported by previous Louisiana cases from other jurisdictions which have considered this exact question. The two-contract defense has been applied to employees of sub-subcontractors by the first circuit in both *Beddingfield v. Standard Construction Co.*, 560 So.2d 490 (La.App. 1st Cir.1990)[,] and *Albin v. Red Stick Construction Co.*, 509 So.2d 110 (La.App. 1st Cir.1987). The same result was reached by the third circuit in *Barnhill v. American Well Service & Salvage, Inc.*, 432 So.2d 917 (La.App. 3d Cir.1983). In fact, the federal district court for the eastern district of Louisiana reached this result, while applying Louisiana law, as early as 1964, in *Daigle v. American Ins. Co.*, 234 F.Supp. 43 (E.D.La.1964). Although we are not bound by the decisions in those cases, our research convinces us that they are correct under the law as it exists at this time.

We find no merit in the assignments of error asserted by the Berards and Schilling.

## DISPOSITION

For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of the defendant, The Lemoine Company, LLC, dismissing the claims of the plaintiffs, Tony and Mona Berard. We assess one-half of the costs of this appeal to Tony and Mona Berard and one-half to Schilling Acquisitions, Inc.

**AFFIRMED.**